## WATERHOUSE v. JOSEPH SCHLITZ BREWING COMPANY.

1. Since the owner of a building is liable for its negligent construction, a complaint alleging that defendant owned and controlled a building which was negligently constructed of improper materials, and which by reason of such construction collapsed and injured plaintiff, is not defective for failure to allege that defendant constructed the building.

2. In an action for injuries caused by the collapse of a building, the fact that the building had stood for 10 years does not negative an allegation that it was negligently constructed of improper materials.

3. In an action against the owner of a building for injuries caused by its collapse, where the complaint alleged that the building collapsed because it was negligently constructed of improper materials, but did not allege any decay or want of repairs, the tenant was not a necessary party.

(Opinion filed January 18, 1900.)

Appeal from circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Action by David Waterhouse against the Joseph Schlitz Brewing Company to recover damages for personal injuries, caused by the falling of a building owned by defendant. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*George W. Case,* for appellant.

The complaint was demurrable for the reason that it did not allege that defendant had anything to do with the construction of the building. The complaint alleging that defendant had owned and controlled the building for a period of ten years prior to the injury complained of, destroys respondent's contention that the building was constructed of improper materials and in an improper manner, so as to make appellant liable. Mathiason v. Mayer, 2 S. W. 834; Sedgwick Dam. § 9; Bishop Non-Contract Law, § 455; Marvell Code Plead. 255; Lafflin v. Railroad, 12 N. E. 599; Dougan v. Champlain, 56 N. Y. 1; Loftus v. Union Ferry Co., 84 N Y. 455; Burke v. Witherbee, 98 N. Y. 562; Wallace v. Railroad, 42 S. W. 865; Brown v. Railroad, 52 Pac. 65; Elliott v. Carter, 73 N. W. 948.

The complaint is further insufficient in that no specific acts of negligence are alleged. Railroad v. Stark, 38 Mich. 714; Smith v. Buttner, 27 Pac. 29; Ryder v. Knisey, 64 N. W. 94.

There is a defect of parties defendant. The tenant of the building was liable for the injury. Metzger v. Schultz, 43 N. E. 886; Bauman v. Spencer, 49 N. E. 9; 16 Am. & Eng. Enc. of Law, 474; Shrarman & Redfield Neg. § 708; § 3737 Comp. Laws; Van Every v. Ogg, 59 Cal. 563; Sieber v. Blane, 18 Pac. 260; Jopp v. Hastian, 56 N. Y. 398; Bour v. Hunking 125 Mass. 380; Fellows v. Gilhuber, 52 N. W. 307; Wilson v. Treadwell, 22 Pac. 3 4; McKenzie v. Cheatham, 22 Atl. 469; Corey v. Mann, 14 How. Prac. 163.

*Cheever & Hall,* for respondent.

The complaint is sufficient and states a cause of action against defendant. Russell v. New Haven Steam. Co., 50 N. Y. 121; Mullen v. St. John, 57 N. Y. 567; Deering Neg. § 314;

Lawson's R. R. &. P. R. § 1160; Blunt v. Aiken, 15 Wend. 522; Irwin v. Wood, 51 N. Y. 224; Barnes v. Beiner, 38 La. Ann. 280; Bassett v. Fish, 75 N. Y. 305; McCarthy v. Syracuse, 46 N. Y. 164.

The owner of the building is the proper defendant, the action being for the negligent construction of the building. Deering on Negligence, 314; 3 Lawson's R. R. and Pr. 1160; Congrieve v. Smith, 18 N. Y. 79-84; Clifford v. Dam, 81 N. Y. 52; Sowards v. Edgar, 59 N. Y. 34; Davenport v. Ruckman, 37 N. Y. 568; Anderson v. Dickey, 26 How. Practice, 105; Klauss v. Brau, 107 Penn. St. 85; Khron v. Brock, 144 Mass. 516; Albert v. State, 66 Ky. 325; Marshall v. Heard, 59 Tex. 266; Hannem v. Peirce, 41 N. W. 657; Jessin v. Sweigert, 4 Pac. 1188.

CORSON, J.   This is an action by the plaintiff to recover damages for injuries received by him, caused by the falling of a building owned by the defendant.   A demurrer was interposed to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action against the defendant, and also that it appears on the face of the said complaint that there is a defect of parties defendant.   The demurrer was overruled, and from the order overruling the demurrer defendant appeals.

The following are the material allegations in the complaint necessary to be considered in determining as to the correctness of the court's ruling in overruling the demurrer: "(3) That on the 21st day of June, 1897, defendant owned, had control of and had for more than ten years immediately prior thereto owned and had control of, a certain grout building, known as

the 'Mulholland Building,' which was then and there, and for some time prior to said date had been, occupied by a tenant of defendant, and situated on the following described premises in the city of Watertown, county of Codington;   *   *   *   that said building was negligently constructed of improper materials, and in an improper and negligent manner (being what is known as a 'grout building.' consisting principally of mortar), and was old, and negligently used and permitted to be used by the defendant as a place where the public were permitted to resort, and was rented by the defendant at the time of its collapse, hereinafter mentioned, for saloon purposes, on a main business street in said city of Watertown; that said building was at all of said times, and particularly on the 21st day of June, 1897, in a dangerous and unsafe condition, by reason of its negligent construction and the negligent use of improper materials in its construction, and was liable at any time, of its own weight, to collapse and injure persons who might be lawfully in or near the same, as defendant well knew.   (4) That on the 21st day of June, 1897, while the plaintiff was lawfully in front of said Mulholland Building, above described, the said building, by reason of its said defective and negligent construction, and the negligent and defective materials of which it was constructed, and by reason of the negligence of the defendant in permitting said building to remain and be used as aforesaid, did fall and collapse, and that said building, and a large and heavy mass of timbers and materials out of which it was constructed, did fall upon and greatly injure this plaintiff, without any fault on his part.   *   *   *"  It is contended on the part of the appellant that the complaint is defective, in that it fails to charge that the appellant constructed the building, and hence

it cannot be claimed that the appellant was guilty of negligence in the construction of the same, and it must be inferred that, if appellant was negligent in regard to the building, it was because of its knowledge of its faulty construction after it had been so constructed. The appellant further contends that the allegation that the appellant owned the said building, and had owned the same for more than 10 years immediately prior thereto, contradicts and negatives the allegation that the building was negligently constructed of improper materials and in an improper manner; that the construction of the building was too remote to constitute the proximate cause of respondent's injury. The respondent contends in support of the court's ruling that the complaint is one for damages sustained by the plaintiff by reason of the falling of the defendant's building without extraneous cause, which building was negligently constructed of improper materials, and in an improper and negligent manner (being what is known as a "grout building," consisting principally of mortar), and was old, and negligently used and permitted to be used by the defendant, and rented by it, for saloon purposes. It is not claimed by respondent that the injuries were sustained by reason of a failure to repair the building, or that the purpose for which it was used caused the injury, but the gist of the action is the negligent construction and maintenance of the building by the defendant as owner. The defect claimed is one which repairs could not obviate. It is claimed by respondent that the fact that it was rented by the defendant for saloon purposes, and used as such, is set forth in the complaint for the purpose of showing that it was not the improper use of the building which caused it to fall, but that the fault was in the structure inherently. The defendant by

its demurrer admits, for the purposes of the demurrer, that the facts stated in the complaint are true. The defendant therefore admits that the said building was negligently constructed of improper materials, and in an improper and negligent manner; that the said building was what is known as a "grout building," consisting principally of mortar, and was old, and negligently used and permitted to be used by the defendant as a place where the public were permitted to resort; that said building was at all of said times, and particularly on the 21st of June, 1897, in a dangerous and unsafe condition, by reason of its negligent construction, and was liable at any time, of its own weight, to fall and injure persons who might be lawfully in or near the same, as defendant well knew. It is true that it is not stated that the defendant constructed the said building, but it is stated that it has owned and used the building for 10 years or more, well knowing that it was so negligently constructed by the use of improper materials, and was liable at any time to fall of its own weight. Assuming these facts to be true, it would seem to necessarily follow that the defendant would be liable for any injuries resulting to persons rightfully in or about said building, and the fact that the building was leased to, and in the possession of, a tenant at the time the accident occurred would not relieve the defendant from such liability. It seems to be the proper rule that the landlord is liable for the negligent construction, and the tenant for the negligent use, of the premises. If a dangerous or injurious structure is erected on the premises when he lets them to the tenant, the landlord is, of course, liable, but he cannot be made answerable for such a structure erected by the tenant unless he renews the lease for the premises after knowledge of such

dangerous or injurious structure; and if the injury occurs after the original owner has alienated the property, from a danger- ous structure erected by him before alienation, he is not liable, the new owner alone being responsible.   16 Am. & Eng. Enc. Law, 473, 474; Congreve v. Smith, 18 N. Y. 79; Clifford v. Dam, 81 N. Y. 52; Swords v  Edgar, 59 N. Y. 28; Davenport v. Ruck- man, 37 N. Y. 568; Anderson v. Dickie, 26 How. Prac. 105; Knauss v. Brua, 107 Pa. St. 85; Khron v. Brock, 144 Mass. 516, 11 N. E. 748.   The owner of a building adjoining a street or highway is under a legal obligation to take reasonable care that it is kept in proper condition, so that it shall not fall into the street or highway and injure persons lawfully there.   Mul- len v. St. John, 57 N Y. 567.   The general rule is that every person must so use his own property as not to injure others. Anything wrongfully done or committed which injures or an- noys another in the enjoyment of his legal rights is an action- able nuisance.   Cooley, Torts, § 565.   A nuisance may result from the negligent acts of commission or omission of another. The owner is liable if the nuisance was erected on the land by the prior owner or by a stranger, and he knowingly maintains or continues it.   Metzger v. Schultz (Ind. App.) 43 N. E. 886. If, therefore the building in controversy was originally neg- ligently constructed of unsafe and unsuitable material, so that it was liable to fall of its own weight, it constituted a nuisance; and if the defendant, with knowledge of its negligent construc- tion and the use of unsuitable material therein, continued to use said building, or permitted it to be used, it was guilty of continuing the nuisance, and would be liable to the party in- jured by reason of the negligent construction of the building, and the use in the construction of such building of improper

and unsuitable materials.    Swords v. Edgar, *supra*; House v. Metcalf, 27 Conn. 631.

The contention of appellant that the statement in the complaint that the building had been owned and used by the defendant for more than 10 years tends to contradict the statement that the building was negligently and improperly constructed, is not tenable.    From the fact that the building fell of its own weight, without any external violence, a fair presumption would be that the fall occurred through adequate causes, one of the most natural of which would be the negligent and faulty construction of the building itself.    The fact, therefore, that it had stood for a number of years without falling, would afford very slight evidence that it had been properly constructed, and of suitable material.    In the case of Mullen v. St. John, *supra*, the building which fell, as reported in that case, was constructed in 1854, and remained standing until 1870, when a part of its walls fell outward into the street, causing the injury to the plaintiff in that action; but it does not appear to have been there claimed that the fact that the building had been in use 16 years or more constituted any objection to the recovery by the plaintiff.

It is further contended by the appellant that it does not appear from the complaint, specifically, in what respects the building was negligently constructed, nor in what respect the materials used were insufficient for such a structure; but it seems, in general, that a complaint specifying the act, the commission or omission of which caused the injury, and averring generally that it was negligently and carelessly done or omitted, will suffice.    14 Enc. Pl. & Prac. 334, and cases cited. See also, Rogers v. Truesdale (Minn.) 58 N. W. 688.

It will be observed that in the case at bar no negligence of the tenant is alleged, nor is it alleged that the building fell by reason of any decay, or by reason of its being out of repair. Hence there seems to be no cause of action for which the tenant would be liable, and hence there is no misjoinder of parties.

Our conclusion is that the overruling of the demurrer by the court was correct. The order overruling the demurrer is affirmed.