### WATERHOUSE v. JOS. SCHLITZ BREWING CO.

1. In an action for personal injuries caused by the fall of a building, where the complaint merely alleged that plaintiff was lawfully in front of the building, and the answer denied this, there was no issue as to plaintiff's precise position at the time of the accident.

2. The owner of a leased building, who has not used ordinary care in discovering its dangerous condition, is liable for injuries caused by its collapse, though the lease contained no covenant to repair.

3. Error cannot be predicated on the overruling of an objection to a question which was not answered.

4. In an action for injuries caused by the fall of a building, the question whether witness knew what kind of materials should be used in the construction of buildings similar to the one in question was proper, for the purpose of qualifying him as an expert.

5. The overruling of an objection to a question is not prejudicial to the objecting party where the answer given is totally irresponsive, and there is no motion to strike out.

6. In an action for personal injuries caused by the fall of a building, a description of the materials and methods usually employed in constructing buildings similar to the one involved was relevant and material.

7. The determination of the trial court as to the qualification of an expert witness should not be reversed in the absence of palpable error.

8. Alleged error in the overruling of an objection to testimony cannot be considered where no exception is taken.

9. In an action for personal injuries caused by the collapse of a building, evidence that other similar buildings had previously fallen was admissible on the question of notice.

10. Refusal of requested instructions substantially covered by those given on the court's own motion is not error.

11. In an action for personal injuries caused by the collapse of a building, an instruction that defendant was not liable unless there was something in the appearance of the building or its condition to indicate to a person, on an ordinary examination, that the building was improperly constructed, or unless defendant had notice that it was improperly constructed, was properly refused, because ignoring the question whether defendant could, by exercising ordinary care, have ascertained the true condition of the building.

(Opinion filed April 25, 1903.)

Appeal from circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Action by David Waterhouse against the Joseph Schlitz Brewing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

16 S. D.—38

*George W. Case* and *S. B. Van Buskirk* for appellants.

Inasmuch as the pleadings and evidence show conclusively that said defendant had nothing to do with the construction of the building, that it was a corporation existing under the laws of the state of Wisconsin, that it has its office and place of business in the city of Milwaukee, Wisconsin, that it purchased the building in the year 1885, that it caused a suitable and proper examination of said building to be made at that time, and upon such examination the building was found to be a good strong and substantial building, and that none of its officers have ever been in the city of Watertown, and that it never had any notice or knowledge that said building was dangerous or unsafe, the plaintiff cannot recover in this action unless the plaintiff was on the sidewalk and on the street of the city at the time the building fell, and was injured by the fall of said building, at the time it so fell.

Doyle v. Railroad, 13 S. C. R. 333; Lucas v. Coulter, 3 N. E. 622; Kreuger v. Farrant, 13 N. W. 158; Wilkinson v. Clauson, 12 N. W. 147; Ryder v. Kinsey 64 N. W. 94; Bowe v. Hunking, 135 Mass. 380; Brewster v. DeFreemy, 33 Cal. 341; McKenzie v. Cheatham, 22 At. 469; Tuttle v. George H. Gilbert Mf. Co. 13 N. E. 465; Cowen v. Sunderland, 14 N. E. 117; Ahren v. Steele, 22 N. E. 193; Schwalbach v. Shinkle Wilson Hries Co. 97 Fed. 483; Woods Landlord and Tenant, §517, page 517-18; Taylor On Landlord and Tenants, § 382; Sherman & Redfield on Negligence, § 790; Robbins v. Jones, 15 (C. & B. N. S.) 221; Jaffer v. Harteau, 56 N. Y. 398; Ryan v. Wilson, 87 N. Y. 471; Edmunson v. Achsen, 27 N. W. 446; Sirks v; Blaine, 18 Pac. 261; Man'f'g Co. v. Lindsay, 10 Ill. App. 583.

*Philo Hall and C. X. Seward* for respondent.

The evidence showing that the defendant maintained a nuisance which caused an injury to the plaintiff on the highway. the plaintiff was entitled to recover.   Congreve v. Smith, 18 N. Y. 79; Clifford v. Dam, 81 N. Y. 52; Dygert v. Schneck, 23 Wend. 446; 16 Ency. of Law, (1st Ed.) 931, 936 and 937; Todd v. Flight, 9 C. B. N. S. 377; Roberts v. Mitchell, 21 Ont. App. Rep. 433; Swords v. Edgar, 59 N. Y. 28; Berger v. Gaslight Co, 62 N. W. 336; Cooley on Torts, 607 and 626; Robbins v. Chicago, 4 Wall. 657; Bush v. Johnson 23 Pa. St. 209; Congreve v. Morgan, 18 N. Y. 84; Durant v. Palmer, 29 N. J. 544; Pfau v. Reynolds, 53 Ill. 212; Severin v. Eddy, 52 Ill. 189; Rowell v. Williams, 29 Ia. 210.

The building was a nuisance under our statute.   Sec. 4681 Comp. Laws.

The allegations of the complaint showed it to be a nuisance. Waterhouse v. Schlitz, 81 N. W. 725; 16 Ency. of Law (1st Ed,) 981; 14 Ency. Pl. and Pr. 1109, 1110.

The evidence fully sustained the allegations showing that the building was a nuisance.   The allegations of negligence in the complaint were unnecessary and could be treated as surplusage.   14 Ency. of Law 1114, 1109; Lindskog v. Schouweiler 80 N. W. 190; Campbell v. Equitable Loan & Trust Co. 85 N. W. 1015.

No question of negligence arises in this case but if the Court should see fit to take into account the question of negligence of the defendant, the evidence was ample to show that the defendant had not exercised that degree of care required of it in the fulfillment of its duty to so maintain its property as to not injure others.   It was a proper case to be submitted to the jury, both as to facts concerning the negligence, and the

inferences from these facts. Irvine v. Wood, 51 N. Y. 224; Railroad v. Voss, 18 S. W. 92; Timlin v. Standard Oil Co., 126 N. Y. 514: Murray v. McShane, 36 Am. Reports, 367; Barnowski v. Helson, 15 L. R. A. 33; Spellman v. Lincoln Rapid Transit Co., 16 L. R. A. 316; Dixon v. Pluns, 20 L. R. A. 698; Shearman & Redfield on Negligence, § 60; Howser v. Railroad, 27 L. R. A. 154; Snyder v. Wheeling Electric Co., 39 L. R. A. 499; 16 Ency. of Law (1st Ed.), 448-452; Esberg v. City of Portland, 43 L. R. A. 435; 1st Joneson Evidence, § 14; Kitchen v. Carter, 66 N. W. 855; Kearney v. London Co., L. R. 5, Q. B. 411; Byrne v. Boadle, 2 Hurlst & C. 722; Swords v. Edgar, 59 N. Y. 34 and 35. The same effect see Hannem v. Pence, 41 N. W. 657; Albert v. State, 66 Md. 325; Owings v. Jones, 9 Md. 108.

Haney, P. J. In this action the plaintiff seeks to recover for personal injuries caused by the collapse of a building constructed of "grout," and known as the "Mulholland Building," owned by the defendant, in the city of Watertown. Judgment having been rendered in favor of the plaintiff, and a new trial refused, the defendant appealed.

The contention of the defendant, as stated by counsel, is "that inasmuch as the pleadings and evidence show conclusively that said defendant had nothing to do with construction of the building; that it was a corporation existing under the laws of the state of Wisconsin; that it has its office and place of business in the city of Milwaukee, Wisconsin; that it purchased the building in the year 1885; that it caused a suitable and proper examination of said building to be made at that time, and upon such examination the building was found to be a good, strong, and substantial building, and that none of its officers

have ever been here in the city of Watertown; and that it never had any notice or knowledge that said building was dangerous or unsafe—that in that case the plaintiff cannot recover in this action unless the plaintiff was on the sidewalk and on the street of the city at time the building fell, and was injured by the fall of said building at the time it so fell." This contention is clearly untenable. Concerning the precise position of the defendant when the building fell, the evidence is conflicting, and, under the charge of the trial court, the jury was not called upon to determine whether he was on the street, on the defendant's lot, or in the defendant's building, when his injuries were received; nor was it necessary to determine his position, as no such issue was raised by the pleadings. The only allegation of the complaint on this subject is that the plaintiff "was lawfully in front of the building," which is simply denied by the answer. The sufficiency of the complaint cannot be questioned, since on a former appeal it was held that the facts stated therein constituted a cause of action against the defendant. After stating the substantial allegations of the complaint, and the contentions of the parties, this court then used this language: "Assuming these facts to be true, it would seem to necessarily follow that the defendant would be liable for any injuries resulting to persons rightfully in or about said building, and the fact that the building was leased to and in the possession of a tenant at the time the accident occurred would not relieve the defendant from such liability." Waterhouse v. Brewing Co., 12 S. D. 397, 81 N. W. 725, 48 L. R. A. 157. Our former decision is the law of this case. Sherman v. Port Huron En. & Th. Co., 13 S. D. 95, 82 N. W. 413; Wright v. Lee, 10 S. D. 263, 72 N. W. 895; Tander-

up v. Hansen, 8 S. D. 375, 66 N. W. 1073; Lumber Co. v. Mitch-
ell, 4 S. D. 487, 57 N. W. 236; Bank v. Gilman, 3 S. D. 170, 52
N. W. 869, 44 Am. St. Rep. 782. And even though the lease
under which the property was occupied as a saloon contained
no covenant on the part of the lessor to make repairs, defend-
ant's contention is untenable. An argument substantially the
same as that now presented, regarding the effect to be given
to the lease, was advanced by defendant in an action brought
against it by a woman whose husband was killed when the
plaintiff in this action was injured. In that case the defendant
requested the following instruction: "If you find from the
testimony in this action that Berg & Olson rented the premises
described in the complaint from the defendant, and that there
was no covenant in the lease to repair, on the part of the de-
fendant, then neither Berg & Olson, nor the persons by their
permission or at their invitation, could recover for any injury
received in consequence of the fall of the building." In decid-
ing that the request was properly refused for the reason that
it did not correctly state the law, this court said: "If the build-
ing was unsafe and liable to collapse prior to its being leased
to Berg & Olson, and the defendant had notice of its danger-
ous condition, or might, by reasonable care and diligence,
have ascertained its condition, it would be liable. Where a
building has become a nuisance, and is leased to a tenant, the
owner is liable for any injury that may result from such nui-
sance to third parties, when such owner has not exercised
ordinary care and diligence in discovering its condition."
Patterson v, Brewing Co. (S. D.) 91 N. W. 336.

A witness on behalf of the plaintiff was asked on direct
examination if he knew the kind of materials that should be

used in these grout buildings, to which defendant objected as "incompetent, irrelevant, and immaterial," and which objection was overruled. Error cannot be predicated upon this ruling, because the question was not answered; and, moreover, it was a proper preliminary inquiry for the purpose of qualifying the witness as an expert.

The same witness having testified, without objection, that he had constructed certain grout buildings, was asked to state what proportion of lime and gravel he used in the construction of such buildings. This was objected to as "incompetent, irrelevant, and immaterial." The objection was overruled, and the witness answered: "Now, that would depend entirely upon the coarseness of the gravel and sand. The coarser the gravel and the sand, the less lime it would take. If you had good lime, one in twelve would do it. By that I mean one part of unslacked lime to twelve of gravel or sand. The lime is put in to cement the sand and gravel together. If you use entirely gravel, sand, and lime, I should say that there should be cement used. If it was on a rock foundation, there need not be much cement used. I do not know if there was a rock foundation in the Mulholland building. There might have been some stone in the foundation in the bottom; but, aside from that, I do not know if there was any cement used. I have examined the material in there since the building collapsed. I was there, and saw the men at work. I talked with them. I think the cellar was put down seven or eight feet below the floor joists. I stood right next to the excavation. I do not know whether they used any cement in there." It will be observed that the answer is entirely irresponsive. If the question was objectionable, no harm resulted, because the witness did not answer it.

Without stating what proportion of lime and gravel was used in the buildings constructed by the witness, he proceeded to describe the materials and methods usually employed in constructing buildings similar to the one involved in this action. There was no motion to strike out, and though the testimony was not responsive, it was relevant and material.

The same witness on direct examination was allowed to answer the following questions: "Upon what does the durability of a grout building depend?" "I will ask you whether the mortar made of the stuff which was put into this building would be strong, or otherwise?" "I will ask you to state whether or not the material out of which this building was constructed was sufficiently durable and strong to make the building safe, and such as could support the weight of this two-story structure, so that it would not collapse of its own weight, without any extraneous cause?" It is contended that none of these questions should have been answered, because the witness had not shown himself qualified to give opinions on the subjects to which they relate. When a witness is offered as an expert, it becomes a preliminary question for the court to determine whether he has the requisite qualifications; and, while there may be some diversity of opinion regarding the effect to be given its decision on such question, all the authorities agree that the ruling of the trial court should not be reversed in the absence of palpable error. Jones on Evidence, § 371. From the record before us, especially as it does not contain all the evidence, we cannot conclude that there was palpable error in receiving the opinions of this witness.

A piece of grout taken from defendant's building was introduced in evidence over defendant's objection. Error cannot

be predicated upon the ruling, because no exception was taken thereto.

It is contended that the court erred in permitting the plaintiff to introduce testimony tending to show that other grout buildings in Watertown had fallen previous to .the collapse of defendant's building. Such testimony was clearly admissible. If it was a fact that buildings constructed of grout had fallen, such fact was presumptively known to the owners of other buildings of similar construction in the same locality, and was sufficient notice to put such owners upon inquiry concerning the safety of their own structures.

Defendant attempted to prove by parol testimony that the written lease under which the defendant's premises were occupied when plaintiff's injuries were received contained no covenant to repair. There was no error in excluding such testimony. It was immaterial, as heretofore shown; assuming that foundation was laid for secondary evidence—a fact not disclosed by the record.

No exceptions were taken to the charge given by the court. Certain instructions requested by the defendant were refused. All of these, except two, are identically the same as the instructions requested in Patterson v. Brewing Co., supra, which this court held were properly refused. The requests not previously considered by this court read as follows: "(1) When the owner of a building rents it for the purpose of a saloon, or for other purposes than that of a dwelling house, he is not an insurer against accident arising from its condition, in the absence of covenants on his part to repair." "(4) If you find that this building in controversy was improperly constructed, still the defendant would not be liable for the injury

occurring to the plaintiff, unless there was something in appearance of the building or its condition to indicate to a person upon an ordinary examination that such was the fact, unless you find from the evidence that the defendant knew or had notice that it was improperly constructed. The fact that the building was what is known as a 'grout building' would not be evidence that it was constructed improperly or of improper material." The first request was covered by the instructions given by the Court of its own motion. It is an universally recognized rule that where the instructions of the Court given of its own motion present the substance or meaning of a request, unimpaired, the refusal of the request is not reversible error. The fourth request was properly refused for the reason that it ignores the important question of whether or not the defendant could, by the exercise of ordinary care and diligence, have ascertained the true condition of the building, as the defendant, notwithstanding the exercise of all of the conditions stated . in the request, might have been guilty of gross negligence in failing to discover its dangerous condition and liability to collapse. Patterson v. Brewing Co., supra.

Having carefully considered all of the assignments of error to which attention was called by the argument of counsel, without discovering any reversible error, the judgment of the Circuit Court is affirmed.