STATE, Respondent, v. SQUIRREL COAT, Appellant.

(143 N. W. 958.)

1.  **Criminal Law—Appeal—Burden of Showing Error.**

    The presumption on appeal is, that the judgment appealed
    from is without prejudicial error, and the burden is on appel-
    lant to show, by means of the statement in his brief, that such
    error exists.

2.  **Same—Evidence—Rebuttal—Objection to Entire Question—Ad-
    missibility as to Part.**

    An objection to a question as a whole, as not being proper
    rebuttal, is proper, where the answer thereto was proper for
    any purpose.

3.  **Witnesses—Rebuttal—Form of Question—Impeachment.**

    Where defendant's witness testified that after the alleged
    theft prosecuting witness charged witness with having stolen
    the steer, and who, on cross-examination, said he did not tell
    prosecuting witness that he saw defendant driving the steer
    and was told by him that he got it in trade, a request to com-
    plaining witness to state what the conversation with defendant's
    witness was, was proper in rebuttal or impeachment, although
    proper practice on rebuttal is to ask whether in the conversa-
    tion, stating time and place, he used to preceding witness the
    exact words used by latter.

4.  **Criminal Law—Exception—Record—Answer to Question, Mater-
    iality of.**

    Under Laws 1913, Ch. 178, Sec. 1, requiring an exception to
    show materiality of alleged error, and that it was prejudicial,
    held, that where the answer to a question objected to is not in
    printed record, no prejudicial error appeared, even if the ruling
    thereon was wrong.

5.  **Criminal Law—New Trial—Irregularity of Jury—Inspecting Ex-
    hibit in Courtyard.**

    It is not prejudicial error for the jury to be taken by bailiff,
    from juryroom into courtyard to there inspect the hide of a
    steer which had been introduced in evidence on the trial, it
    not having been taken by them to juryroom.

(Opinion filed Nov. 18, 1913.   Rehearing denied Feb. 7, 1914.)

Appeal from Circuit Court, Tripp County. Hon. WILLIAM
WILLIAMSON, Judge.

Defendant Grover Squirrel Coat, was convicted of larceny,
and he appeals.   Affirmed.

*Doherty & Talbott, and W. J. Hooper,* for Appellant.

As a part of the cross-examination, the state asked David
Thigh if he did not make certain statements to these witnesses

relative to what the defendant had told him on Friday. The defendant contends (1) that this conveisation was irrelevant as cross-examination, as it did not relate to the examination in chief; (2) that in eliciting this evidence the state made this witness its own witness, and this was not a subject of impeachment, and (3) if it was competent, the conversation was collateral to the issue, and the state could not impeach this witness on collateral matters. State against Haines, (N. D.) 72 N. W. 923; Whart. Cr. Ev. Sec. 484, 559; Starkie, Cr. Ev. Sec. 200; Welch v. State, (Ind. Sup.) 3 N. E. 852; Greenl. Ev. Sec. 449.

A certain hide was offered and received in evidence. It was not taken to the jury room by the jury, and could not be under the law. Section 391, Code Civil Procedure; McLean et al. v. Crowe, 26 Pac. 596; Harding v. Norwich Fire Ins. Society, 10 S. D. 64; McCleary Mining Co. v. White, 10 S. D. 620; People v. Bush, 68 Cal. 623.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, *A. J. Wilcox,* State's Attorney, for Respondent.

The witness, Thigh, was cross-examined as to criminating facts, relevant and material to the main issue, and his answers were the proper subject of impeachment by the state's rebuttal. State v. Davidson, 9 S. D. 564, 70 N. W. 879.

The question of the state upon cross-examination was in proper form, and went directly to facts, relevant and material to the issue. Id. Underhill on Crim. Evi. (2d Ed.) Sec. 220; Vol. 1, Whar. Crim. Evi. (10th Ed.) Sec. 483.

Exhibits may be taken to the jury room, as a general rule. 5 Enc. of Evi., 461. And the matter is largely in the discretion of the trial court. 5 Enc. of Evi., 461-2.

McCOY, J. Defendant was convicted of grand larceny in having stolen a certain steer from one Aldworth. Defendant appeals, and urges reversal of judgment upon two grounds.

Complaining witness, Aldworth, among other things, testified that the next day after he missed the steer alleged to have been stolen he found the hide thereof in a certain butcher shop, and ascertained that defendant and two other persons had disposed of said hide; that on the second day after the missing of said steer he met and had a conversation with defendant, and that he said to

defendant, "You stole that steer," and defendant answered, "Was it your steer?" and on being informed that it was, defendant then said, "I will show you who I got it from." Defendant denied stealing said steer, but admitted that he butchered it and sold the hide, but contended that the steer was raised by him.

[1-3] Defendant called as a witness one Thigh, who testified that on the second day after the alleged theft he met and had a conversation with complaining witness, who charged him, Thigh, with having stolen said steer. On cross-examination, without objection, Thigh was asked, "Did you tell Aldworth when you had this conversation with him that you saw Squirrel Coat and his boy driving this steer over the hill, and that Squirrel Coat told you that he got it from a white man for hay?" Thigh answered, "No." On rebuttal the state recalled the complaining witness, who stated that he did have a conversation with Thigh at said time, and the state's counsel then asked, "Please state what that conversation was." To which question defendant objected, for the reason that the same is incompetent, irrelevant, and not proper rebuttal testimony. The objection was overruled, defendant excepted, and now urges such ruling as error. We are of the opinion that the court ruled correctly. At least there is nothing before this court on appeal to indicate that the trial court erred. The presumption on appeal is that the judgment appealed from is without prejudicial error, and the burden is upon appellant to affirmatively show, by means of the statement in his brief, that there is prejudicial error. 3 Cyc. 275. The contention of appellant is that this was impeachment or rebuttal upon an immaterial question. It will be observed that no objection was made to the form of the question. The objection was to the entire question as a whole. The only objection urged is that it was not proper rebuttal. If the question was proper rebuttal for any purpose, the objection thereto was properly overruled. 3 Cyc. 300. Defendant evidently brought out this conversation with Thigh for the purpose of casting some discredit upon the statements of complaining witness concerning the conversation he claimed to have had with defendant. The state had clearly the right to rebut or impeach the statement of Thigh wherein he stated that complaining witness had charged him, Thigh, with the theft. This question to which this objection was made was one way of bringing out before the

jury such rebuttal. There is nothing before this court to show that the objected to question was answered at all. Neither is there anything before this court to show that the complaining witness, if he made answer, testified in his answer to said question to anything other than what related to his having charged Thigh with the theft. That portion of the conversation at least was proper rebuttal called for by this question. It seems to be the usual and proper practice on rebuttal to ask the rebutting witness the direct question whether or not in said conversation, stating time and place, he stated so and so to said witness, using the exact words used by the preceding witness sought to be rebutted. Had defendant, by proper objections to the form of the rebutting question, required the state to put the direct impeaching questions so as to have divided the several parts of this conversation, and had proper objection been made to that part relating to what witness Thigh is claimed to have said concerning Squirrel Coat, then the ruling as to that part of the conversation would have been before the court for consideration.

[4] Again, the answer, if any, given by the witness to the question objected to is not contained in the printed record. Without this answer there is nothing to show that appellant was in any manner prejudiced by the ruling of the court, even if the ruling had been wrong. Section 1, c. 178, Laws 1913; State v. Shephard, 138 N. W. 294; 3 Cyc. 301: Waterhouse v. Brewing Co., 16 S. D. 592, 94 N. W. 587.

[5] During the trial the hide of the steer alleged to have been stolen was offered and received in evidence, and might have been taken by the jury to the jury room as an exhibit when deliberating upon the case. This exhibit for some reason was not taken into the jury room. After retiring for deliberation the jury desired to see said exhibit, and, instead of taking the said hide into the jury room, the bailiff in charge took the jury out into the courthouse yard, just outside the courthouse door, where the jury inspected said hide. Defendant urges this as constituting an irregularity prejudicial to defendant. We are of the opinion that there is nothing whatever apparent from the circumstances that would, in the least, tend to prejudice defendant.

Finding no error in the record, the judgment and order appealed from are affirmed.