(23 Misc. Rep. 650.)

### RANDOLPH v. FEIST.

(Supreme Court, Appellate Term. June 6, 1898.)

1. LIABILITY OF LANDLORD—CONSTRUCTION OF LEASE.

A lease of an apartment provided that "the landlord shall not be liable for any damage caused by leakage of water, or for any cause or event." *Held*, in an action by the tenant to recover damages for injuries to his property, resulting from leakage due to the alleged negligence of the landlord in repairing the roof, that this clause referred, not to such leakage, but to leaks resulting from ordinary wear and tear, or from the carelessness of tenants, or from the sudden action of the elements.

2. SAME—REPAIRS ON ROOF.

A landlord who undertakes to remove the roof of the demised building, and substitute a new one, is bound to exercise every reasonable effort to avoid injury likely to result to the property of the tenant.

Appeal from Eleventh district court.

Action by Kittie Randolph against Simon Feist. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE GERICH, JJ.

M. Jacobs, for appellant.

J. M. Lathrop, for respondent.

GILDERSLEEVE, J.   The pleadings herein are in writing, and the complaint alleges that the defendant is the owner of the premises 687 Amsterdam avenue, which is a flat house, and that, at the time of the alleged injury, the plaintiff occupied the fourth flat, as tenant of the defendant.   It is further alleged that, owing to a defective and leaky roof, due to the negligence of defendant, his agents or servants, large quantities of rainwater ran through said roof into and flooded said apartments and premises of this plaintiff, damaging thereby certain property specified by plaintiff, and rendering the premises unfit for habitation.   It is further alleged that the defendant agreed to keep the premises in a tenantable condition, and that he knew that the roof was defective and leaky.   The defendant, by his answer, admits the ownership of the premises, the tenancy of plaintiff, and the alleged agreement to keep the premises in a tenantable condition; but he denies that the overflow of water and the resultant injuries were due to his negligence.

The defendant urges several grounds for a reversal of the judgment, the most important of which is the claim that no negligence on his part is shown.   There is no claim of contributory negligence on the part of the plaintiff, and although, from an examination of the testimony and a perusal of the briefs, it appears that other issues were considered by the contending parties, it may fairly be said that the plaintiff rested the alleged liability of defendant upon his negligence.   The alleged damage occurred while a new roof was being placed upon the premises by defendant.   The issue presented by the pleadings was as to the degree of care exercised by defendant in the execution of the work.   If there was any liability to plaintiff for the damage she sustained, it was due to the failure of defendant to make every effort reasonable to avoid the injury.   The burden was upon the plaintiff to establish the negligence of defendant by a fair preponderance of evidence.   An examination of the testimony discloses a considerable conflict on this point.   In rendering judgment against the defendant, it is to be assumed that the trial justice found that there was negligence on the part of defendant in the execution of the work; and, as such finding is not against the weight of evidence, this court will not interfere with the conclusion reached by the trial justice.

It is also urged by defendant that he was exempted from liability for any damage of the character that plaintiff seeks to recover for, by reason of the following clause in the lease, to wit:   "The landlord shall not be liable for any damage caused by leakage of water or for any cause or event."   Clauses of this nature, exempting the landlord from what is incident to his obligation to keep the building in repair (see Rauth v. Davenport, 60 Hun, 72, 14 N. Y. Supp. 69), are to be construed strictly; and, to get at the real intent of the parties, covenants that are in large and general terms are frequently narrowed and confined.   What this clause means is not leakage produced by the negligence of the defendant, or of a person or

persons employed by him, in putting on a new roof; but it has reference to a leakage which may result from ordinary wear and tear, or from the carelessness of tenants, or from the sudden action of the elements. The damages here complained of were not the result of a leakage of the roof caused by the elements, but caused by the alleged negligent manner in which the work of putting on the new roof was done, after the lease was executed and the plaintiff was in possession. Worthington v. Parker, 11 Daly, 561.

An objection is also made to the amount awarded for damages, upon the ground of the insufficiency of proof. It is true, as claimed by the appellant, that the difference in value between the property injured and uninjured is the usual method of ascertaining the amount of damage (Berg v. Parsons [Sup.] 35 N. Y. Supp. 782); but we think that there was sufficient evidence to enable the justice to arrive at a correct estimate of the difference in value of the property before and after the injury, and that the testimony fairly supports the finding of the justice on this branch of the case.

We are of opinion that the case of Sulzbacker v. Dickie, 6 Daly, 476, is an authority that fully supports the judgment in this case. There is much similarity in facts. In that case the landlord undertook to put a new roof on the building, the roof was not properly covered during the progress of the work, the rain came through and damaged the tenant's property, and the court held that:

"In the execution of the work, the landlord was bound to exercise all the vigilance and caution that the nature of the work required. As to the occupants of the building as tenants or subtenants, he was bound to use ordinary diligence in protecting them from injury naturally resulting from the character of the work undertaken. It consisted of the removal of an old and damaged roof to the building, and the substitution of a new one. The process in itself was of such a character that it naturally exposed the property of the occupants of the building to damage from the fall of rain, and the undertaking, from its very nature, exacted every reasonable effort to avoid injury likely to result. The defendant, having so undertaken, and engaged others, to do the work of this character, was responsible, not only for his own negligence, but also for the negligence of the persons with whom he contracted for its performance."

We find no errors that call for a reversal of the judgment, which should be affirmed, with costs. All concur.