(45 Misc. 381)

### LEVIN v. HABICHT.

(Supreme Court, Appellate Term. November 10, 1904.)

1. TRIAL—MOTION TO DISMISS—EFFECT OF EVIDENCE.

    For the purpose of determining a motion to dismiss the complaint on the close of plaintiff's evidence, such evidence must be taken as true.

2. INJURIES TO TENANT'S GOODS—LIABILITY OF LANDLORD FOR NEGLIGENCE.

    Where the evidence in an action by a merchant occupying the ground floor of a building against his landlord, who occupied rooms on the floor above, showed that defendant negligently allowed the water in his rooms to overflow and percolate through the ceiling onto plaintiff's goods, plaintiff is entitled to recover, though the damages shown be indefinite and uncertain in amount.

3. SAME—CONSTRUCTION OF LEASE.

    The clause in a lease that the landlord shall not be liable for any injury by water sustained by the tenant from negligence or improper conduct on the part of any other tenant affords the landlord no protection from his own negligent injury to the tenant.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Samuel Levin against Thomas J. Habicht. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Israel Ludlow, for appellant.

Thomas W. McKnight, for respondent.

FREEDMAN, P. J. The plaintiff occupied a store on the ground floor of 369 Lenox avenue. The upper part of the building was apartments; the one directly over the plaintiff's store being occupied as a residence by the defendant, his wife and servant. The premises were formerly owned by one Bauman, who leased the store to the plaintiff for five years from April 2, 1901. On May 3, 1902, Bauman conveyed the premises to the defendant. This action was brought to recover damages for injuries to plaintiff's property and stock in trade by water dripping down through the ceiling walls from the rooms of the defendant.

The defendant offered no testimony at the trial, and, at the close of plaintiff's case, moved for a dismissal of the complaint, which motion was taken under consideration by the court, who subsequently gave a judgment in favor of the defendant. An examination of the record satisfies us that the testimony offered on

the part of the plaintiff, and which, for the purposes of determining the motion made by the defendant, must be taken as true, set forth a cause of action against the defendant. The proof was to the effect that the defendant's washtubs and pipes situated immediately over the plaintiff's goods were leaky, and were upon one or more occasions allowed to overflow by the carelessness of the servant and the neglect of the defendant; the water percolating through the ceiling and down the side walls upon plaintiff's goods, and damaging them. The damages shown were somewhat indefinite and uncertain in amount, but some injury and consequent damage, and the value of the goods destroyed, were made clear.

The respondent places much stress upon the following clause in the lease, as being a perfect defense to plaintiff's cause of action, viz.:

"It is expressly agreed and understood by and between the parties to this agreement that the landlord shall not be liable for any damage or injury by water which may be sustained by the said tenant or other persons, or for any other damage or injury from the carelessness, negligence or improper conduct on the part of any other tenant."

Somewhat similar clauses have frequently been construed by the courts, and have invariably been held to afford the landlord no protection from his own negligence or wrongful acts. Randolph v. Feist, 23 Misc. Rep. 650, 52 N. Y. Supp. 109; Worthington v. Parker, 11 Daly, 545.

Judgment reversed. New trial ordered, with costs to appellant to abide the event. All concur.

