(112 App. Div. 385)

EUGENE C. LEWIS CO. v. METROPOLITAN REALTY CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. LANDLORD AND TENANT—LEASES—INJURIES TO TENANT'S GOODS—NEGLIGENCE—EXEMPTIONS.

A provision in a lease that the lessor shall not be liable for any damage or injury which may be caused by a leakage of gas, steam, or water pipes, or leakage or overflow of any kind whatsoever, did not relieve the landlord from liability for an overflow of a water tank, resulting from the affirmative negligence of the landlord's servants in defectively adjusting a manhole cover to the tank.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 647–655.]

2. SAME—NEGLIGENCE—RES IPSA LOQUITUR.

> Where the goods of certain tenants of a building were injured by the overflow of a water tank, the fact that the tank had been water-tight, and that it leaked around the edges of a manhole immediately after the taking off of the manhole cover to clean the tank and the replacing thereof by defendant's servants, was in itself evidence that the cover had been negligently replaced.

Appeal from Trial Term, Suffolk County.

Action by Eugene C. Lewis Company against the Metropolitan Realty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Action for damages to chattels by negligence. The plaintiff was tenant of one floor of a building of the defendant. The defendant supplied water to the whole building by means of water tanks, one of which was on the floor above the plaintiff. The defendant had it cleaned out on Sunday. The cleaners had to enter it through a manhole on top of it. This hole was closed by a cover with a flange, which fitted a flange in the rim of the manhole, and the interstice was made tight by a rubber washer or gasket which had to be put in. On Monday morning when the pump below was started to force water into this tank until it was full, and thence from this tank through a connecting pipe up to a tank above, the water leaked through the seams of these flanges, and overflowed down into the plaintiff's floor and injured its chattels, and the chattels of several other persons, consisting of printed matter, sent by them to the plaintiff to be bound, it being a bookbinder. They assigned their claims for damages to the plaintiff, and this action is for the damage to the plaintiffs and also upon the said other claims.

The lease of the defendant to the plaintiff contained the following: "The lessor shall not be liable for any damage or injury which may be caused by a leakage of gas, steam, or water pipes, or leakage or overflow of any kind whatsoever."

The trial judge ruled that this prevented the plaintiff recovering for its own damage, and allowed a recovery on the assigned claims only.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Charles J. Hardy, for appellant.

Willard N. Baylis, for respondent.

GAYNOR, J. It is claimed that the exemption clause in the lease for damage by leakage prevents a recovery for the damage to the plaintiff's assignors as well as for the damage to the plaintiff. It is enough to say that such exemption clause did not in terms exempt the defendant for liability to the plaintiff for acts of negligence by it, and no such exemption can be implied. The recovery here is for the affirmative act of negligence in putting on the manhole cover defectively. Levin v. Habicht, 45 Misc. Rep. 381, 90 N. Y. Supp. 349; Rathbone v. N. Y. C. R. Co., 140 N. Y. 48, 35 N. E. 418.

The fact that the tank had been water-tight, and that the leak around the edges of the manhole immediately showed itself after the taking of it off to clean the tank and the replacing of it by the defendant, was in itself evidence that the cover had been negligently replaced, under the maxim that the thing speaks for itself; and in addition there was evidence that the rubber gasket or washer had not been properly put in.

The reading of this case is rendered burdensome by much colloquy between counsel and the court, and discussion of counsel, which it

should not contain at all. A case on appeal should be stripped of all such matter, unless it be excepted to, or contain an admission, or the like.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur; HIRSCHBERG, P. J., in result.