## DRESCHER ROTHBERG CO. v. LANDEKER.

(Supreme Court, Appellate Term, First Department.   April 10, 1913.)

**1. LANDLORD AND TENANT (§ 166*)—LIABILITY OF LANDLORD—EXEMPTIONS.**

A clause in a lease exempting the landlord from liability for any injury sustained by the tenant or other person by water, or for injury resulting from negligence of any other tenant, or agents or employés, or by reason of the breakage of the water or soil pipes, or through leakage in the building, must be strictly construed, and to ascertain the intent of the parties it must be narrowed, and when so construed the landlord is relieved from liability for damages caused by wear and tear, or inherent defects, or the action of the elements, though by the exercise of active diligence he might have prevented damages; but it does not exempt him from his liability to repair defects called to his attention, or from acts of affirmative negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660;  Dec. Dig. § 166.*]

**2. LANDLORD AND TENANT (§ 166*)—LIABILITY OF LANDLORD—EXEMPTIONS.**

The landlord is liable for his failure to repair the roof of the premises, where he had actual knowledge that the roof was leaking during a time when he could have repaired it, but not liable for a failure to discover the leaky condition during the time he could not reasonably be expected to discover such a condition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660;  Dec. Dig. § 166.*]

Appeal from City Court of New York, Special Term.

Action by the Drescher Rothberg Company against Adolph Landeker.   From a judgment of the City Court of the City of New York, vacating a verdict for plaintiff, and ordering judgment for defendant, and from a judgment entered on the order, plaintiff appeals.   Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Cohen & Shiverts, of New York City, for appellant.

Taylor & Fatt, of New York City (Isidore Fatt, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a verdict against his landlord for damages caused by a leaky roof.   The trial justice thereafter set aside the verdict, and dismissed the complaint on the merits, on the ground that by the terms of the lease the landlord was exempted from all liability for damages from leaks.   The lease contains the following clause:

"It is expressly agreed and understood by and between the parties to this agreement that the landlord shall not be liable for any damage or injury by water which may be sustained by the said tenants or other person, or for any other damages or injury resulting from the carelessness, negligence, or improper conduct on the part of any other tenants or agents or employés, or by reason of the breakage, leakage, or obstruction of the Croton water or soil pipes, or other leakage in or about the said building."

[1] Similar clauses in other leases have been frequently before the courts, and the decisions have established rules of interpretation for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clauses of this nature. They "are to be construed strictly; and to get at the real intent of the parties, covenants that are in large and general terms are frequently narrowed and confined." Worthington v. Parker, 11 Daly, 545. They "have invariably been held to afford the landlord no protection from his own negligence or wrongful acts." Levin v. Habicht, 45 Misc. Rep. 382, 90 N. Y. Supp. 349. It seems to me that this clause, interpreted "to get at the real intent of the parties," means simply that the landlord is not to be liable for damages caused by wear and tear, or inherent defects, or the action of the elements, although by the exercise of active vigilance he might have prevented such damages; but it does not exempt him from his liability to repair actual defects, when called to his attention, or from acts of affirmative negligence. I find no case in which such a clause has received an interpretation wide enough to exempt the landlord from liability for such acts, nor would such an interpretation be consonant with common sense. The tenant cannot repair the parts of the building in the landlord's control, and it was obviously the intent of the parties that the landlord should continue to make these repairs. If he is negligent in making them when called to his attention, the lease should not be interpreted as exempting him from liability. On the other hand, the clause is certainly intended to provide some protection to the landlord, and the protection intended was to my mind an exemption from liability for failure to protect his tenants from damages which he might have, but did not, foresee; in other words, he is exempted from damages caused by his failure to maintain an active vigilance in the examination of the premises.

[2] Applying this rule to the facts in this case the landlord is liable for his failure to repair the roof, if he had actual knowledge that the roof was leaking during a period when he could have repaired it; but he is not liable for his failure to discover the leaky condition during a period when a landlord could not reasonably be expected to discover such a condition. In other words, he may be liable on the theory of actual notice, but not on the theory of constructive notice. The testimony presents a conflict on the question of actual notice, and the trial justice charged the jury that they could find a verdict for plaintiff on either theory. This instruction was incorrect, and justified the setting aside of the verdict; but the judgment of dismissal was erroneous.

The judgment of dismissal should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.