Metcalfe, J.
The only questions in this case. before the court at this time are raised by the demurrer to the answer. The plaintiff operates á line of street railway from Newell, West Virginia, across the Ohio river to the city of East Liverpool, Ohio, and in the latter city runs its cars over a portion of the tracks of the deféndant company. The right to so operate its cars on the defendant’s tracks is secured by contract, and it is the duty of-the defendant to keep its tracks in repair.
On one of the streets in East Liverpool, over wvhich the plaintiff ran its cars, was a switch which was out of repair. The plaintiff had several times notified the defendant of the condition of the switch and requested of defendant that the necessary repairs be made thereon.
At the time of the accident complained of in the petition the plaintiff had occasion to run one of its cars over this switch. The front truck passed over in safety, but .when the rear truck struck the switch it opened and threw the rear end of the car off the track it was running on and on to a track leading on to another street, so that the car was thrown squarely across the street on which it was running.
A number of persons at work on the street at the time were injured. The defendant denied its liability, but it was agreed between the plaintiff and defendant that the plaintiff should settle with the injured persons and that the question of defendant’s liability should be determined later. Thereupon, the plaintiff settled with the injured persons and brought this suit to recover the amounts paid in such settlement.
*243 - The defendant claims exemption from liability to the plaintiff by reason of the following clause in the contract by which plaintiff secured its right to run its cars over defendant’s tracks:
“To use all due precaution for the safety of the-public, and in consideration of the rights herein granted to save and hold the first party (defendant) free and harmless from all loss, cost, damage, and expense whatsoever, which may in any wise accrue through, or be incurred by said first party. (defendant) by reason of the operation by the second party (plaintiff) of his cars over the tracks of said first party as herein provided.”
The object of this clause in the contract is to secure indemnity to the defendant from liability for any acts of negligence on the part of the plaintiff in operating its cars while on the defendant’s tracks. The contract saves the-defendant harmless from any acts of the plaintiff in the operation of its cars which would create a liability, whether such acts be negligent or not. There is nothing in the contract which in any way relieves the defendant from the consequences of its own negligence.
The car of the plaintiff was in operation at thq time of the accident, but the accident was not occasioned through any fault of the plaintiff in operating the car, but by the negligence of the defendant in failing to keep the switch in repair. It hap-; pened solely on account of the fault of the defendant. It is not from its own negligence that the defendant is relieved by the terms of the contract, but from the negligence of the plaintiff..
In Eugene C. Lewis Co. v. Metropolitan Realty Co., 112 App. Div., 385, 98 N. Y. Supp., 391, af *244 firmed 189 N. Y., 534, it is held that a provision in a lease relieving the lessor from any liability for any loss or damage by reason of leakage of gas, steam, or water pipes, did not relieve him from liability for an overflow of a water tank as the result of thelessor’s own negligence. And to the same effect, also, are Levin v. Habicht, 90 N. Y. Supp., 349; LeVette v. Hardman Estate, 77 Wash., 320, 137 Pac. Rep., 454; Smith v. Faxon, 156 Mass., 589, 31 N. E. Rep., 687.
It is urged, too, that the plaintiff and defendant were joint trespassers and that this is an action between joint trespassers for contribution.
Doubtless the plaintiff arid defendant would be jointly liable to the injured persons, but this is not an action for contribution as we view it. The action is to recover for injuries to the plaintiff by reason of the sole negligence of the defendant.
The injury having occurred by reasori of the defendant’s negligence, the fact that the plaintiff would be jointly liable with the defendant to the injured persons does not make the plaintiff a joint trespasser.
We think the court erred in overruling the demurrer to the answer, and the judgment is reversed.

Judgment reversed.

Pollock and Spence, JJ., concur.