WILLIAM I. COHN and JOSHUA COHN, Appellants, *v.* SAMUEL GRABER, Respondent.

First Department, May 19, 1922.

Landlord and tenant — negligence — action to recover for injury to plaintiff's property while rightfully upon premises occupied by defendant's tenant — injury caused by water escaping from automatic sprinkler — complaint defective which alleges in alternative that defendant caused or allowed sprinkler to become defective — demurrer to defense that lease absolved defendant from liability properly overruled.

In an action to recover damages for injury to plaintiff's property while rightfully upon the premises occupied by one of the defendant's tenants caused by the defendant's alleged negligence in permitting a sprinkler system on the premises to be and to remain out of repair so that water escaped therefrom and injured the property in question, the complaint is defective which alleges in the alternative that the damage complained of was due solely to the carelessness and negligence of the defendant in that he caused or allowed and permitted the sprinkler system to become and remain out of repair, and caused or allowed and permitted the same to be so operated and controlled as to cause water to escape therefrom.

Accordingly, plaintiff's demurrer to a separate defense based on a provision in the lease by the defendant to the tenant which operated to absolve the defendant from liability for injuries of the character in question was properly overruled.

APPEAL by the plaintiffs, William I. Cohn and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1921, overruling plaintiffs' demurrer to a separate defense in the answer.

*Levy & Becker* [*Joseph Levy* of counsel], for the appellants.

*James B. Henney* [*Daniel R. Harvey* of counsel], for the respondent.

CLARKE, P. J.:

I think the complaint is defective in that its allegations are in the alternative, namely, that the damage complained of was due solely to the carelessness and negligence of the defendant, in that he caused or allowed and permitted the sprinkler system upon the premises to become, be and remain out of repair and in a defective and imperfect condition, and caused or allowed and permitted the same to be so operated and controlled as to cause water to issue and escape therefrom upon merchandise belonging to plaintiffs; which results in no allegation whatever. A bad answer is good enough for a bad complaint.

The plaintiffs' demurrer to the defense was properly overruled,

and the order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent.

SMITH and PAGE, JJ., concur.

GREENBAUM, J.:

The action is brought to recover damages for injury to plaintiffs' property while rightfully upon the premises occupied by one of the defendant's tenants by reason of the landlord's alleged negligence in permitting a sprinkler system upon such premises to be and remain out of repair and in a defective and imperfect condition, and causing or allowing and permitting the same to be so operated and controlled as to cause water to issue and to escape therefrom upon merchandise belonging to the plaintiffs.

The rule is that where " the landlord is not liable to the tenant for injuries which may happen to the tenant, in consequence of the dangerous condition of the premises, he will not, under the same circumstances, be liable to a guest or a customer of the tenant or to any other person lawfully upon the premises." (Thomp. Neg. [2d ed.] § 1171; *Roche* v. *Sawyer,* 176 Mass. 71; *Jordan* v. *Sullivan,* 181 id. 348.)

The answer contains a separate defense predicated upon a provision of the lease as follows:

" 12. It is expressly agreed and understood by and between the parties to this agreement (Harrison Davidson, tenant, and Samuel Graber, landlord) that the landlord shall not be liable for any damage or injury by water which may be sustained by the said tenant or other person; or for any other damage or injury resulting from the carelessness, negligence or improper conduct on the part of any other tenant or agent or employee; or by reason of the breakage, leakage or obstruction of the Croton water or soil pipes, or other leakage in and about said building."

Such a provision will be strictly construed against the landlord. Similar provisions in leases have been construed as not exempting the landlord from his affirmative or wrongful acts of negligence.

In *Lewis Company* v. *Metropolitan Realty Co.* (112 App. Div. 385; affd., 189 N. Y. 534) the lease contained the following provision: " The lessor shall not be liable for any damage or injury which may be caused by any leakage of gas, steam or water pipes, or leakage or overflow of any kind whatsoever." The court there said: " It is enough to say that such exemption clause did not in terms exempt the defendant for liability to the plaintiff for acts of negligence by it, and no such exemption can be implied. The recovery here is for the affirmative act of negligence in putting

on the manhole cover defectively." (*Levin* v. *Habicht,* 45 Misc. Rep. 381; *Drescher Rothberg Co.* v. *Landeker,* 140 N. Y. Supp. 1025.)

In *People* v. *Equitable Life Assurance Society* (124 App. Div. 714, 732) this court said: " The general allegations of negligence are all in the alternative and to the effect that something was done or omitted. While this may be good pleading, it cannot be maintained that the affirmative act is charged, and on demurrer, as this relates to a matter of substance, and not form, the defendant is entitled to have the pleading construed as charging merely an omission of duty." The complaint in this action as it now reads may similarly be construed as charging merely an omission of duty and not an affirmative act of negligence, and in such a case the defense here assailed would be sufficient. It will thus become the province of the trial court to determine from the evidence of the case whether the defense is available or not, or if the facts are disputed it may become a question of fact for the jury to say, under the instructions of the court as to the law, whether the defendant may properly avail itself of the exemption clause in the lease.

The order appealed from should be affirmed, with ten dollars costs and disbursements to respondent.

DOWLING, J., concurs.

Order affirmed, with ten dollars costs and disbursements.