Charles Komar, Appellant, *v.* Mary Wynn, Doing Business under the Trade Name of Kant Leak Paint Company, and Another, Respondents.

Supreme Court, Appellate Term, First Department, June 4, 1925.

**Landlord and tenant — action by tenant for damages to merchandise occasioned by leaking roof — landlord obligated to keep roof in repair and may not delegate responsibility to independent contractor.**

A landlord, under obligation to keep the roof of his premises in repair, is liable for the damage done to his tenant's goods occasioned by a leaking roof, repairs to which were carelessly made by an independent contractor, since said landlord may not delegate his responsibility to independent contractors or to third persons.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of defendants, entered upon the verdict of a jury.

*Joseph C. Mooer,* for the appellant.

*John J. McBride,* for the respondent Aldrich.

Per Curiam:

The plaintiff leased from defendant Aldrich a loft in a business building. Aldrich undertook to repair the roof and employed a contractor to do this work which was performed so carelessly that during its progress rain came through the unprotected portion of the roof and damaged plaintiff's goods.

Counsel for respondent Aldrich undertakes to sustain the judgment on the theory that the negligence was that of an independent contractor, and cites some tort cases in which such ruling has quite naturally been made. These cases have no reference whatsoever to one wherein the landlord, as in this case, is under an obligation to keep in repair the roof of a building in which he leases various lofts to different persons. Of course he cannot delegate his responsibility to third persons.

As the liability of the defendant Aldrich and the inapplicability of the exemption clause in the lease are in our opinion conclusively determined in *Randolph* v. *Feist* (23 Misc. 650) and *O'Rourke* v. *Feist* (42 App. Div. 136), approved in *Hyman* v. *Barrett* (224 N. Y. 436, 438), the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Bijur, McGoldrick and Levy, JJ.