HATTIE V. KESSLER, Plaintiff, v. THE ANSONIA, a Domestic Corporation, Defendant.

Supreme Court, New York County, April 20, 1927.

**Landlord and tenant — liability of landlord for damages to tenant's property caused by escaping steam from radiator — lease provided landlord would be relieved from liability for damages from escaping steam but not from obligation to inspect steam pipes — neglect of defendant to repair defect after notice constitutes negligence for which it is liable.**

Plaintiff, who sues for damages to personal property caused by escaping steam from a radiator in an apartment in defendant's hotel, is entitled to recover though the lease contained a provision relieving the landlord from liability for damages resulting from escaping steam, where it appears that after plaintiff notified the defendant of the situation and its employees attempted to remedy the condition, the steam continued to escape, for the provisions of the lease cannot be construed as relieving the defendant from the obligation to inspect the steam system over which the plaintiff had no control other than to shut off or diminish the amount of steam supply in the radiators in her own apartment; defendant's neglect to repair the defect after notice constituted negligence for which it is liable.

ACTION to recover for damages to personal property by escaping steam from radiator in apartment in defendant's hotel.

*Fliashnick & Sustick [Emanuel Sustick* of counsel], for the plaintiff.

*Bonynge & Barker [Frank I. Tierney* and *George S. Hills* of counsel], for the defendant.

GIBBS, J.   Plaintiff instituted this action to recover for damage to her personal property in an apartment occupied by her pursuant to a lease in the premises of the defendant known as the Hotel Ansonia.   The damage sustained was caused by escaping steam from a radiator in said apartment.   It was stipulated that the action be tried by the court without a jury.   The lease under which the plaintiff occupied the premises in question contains a provision exempting the lessor, the defendant herein, from liability for damages resulting from " leakage of croton or other water, steam or gas, from or into any part of said building   *   *   *   or from any other cause in any event."   It contains further provisions relieving lessor from any responsibility for the care, maintenance or supervision of the premises or " of any of the pipes, fixtures, appliances or appurtenances therein contained   *   *   *."   These provisions apparently created a limitation on the liability of the defendant for damages resulting from escaping steam.   In construing the language of similar leases the courts of this State have held that exemption from liability applies only where the lessor is

free from affirmative acts of negligence.   (*Lewis Co.* v. *Metropolitan Realty Co.*, 112 App. Div. 385; affd., 189 N. Y. 534; *Drescher Rothberg Co.* v. *Landeker*, 140 N. Y. Supp. 1025.)

The evidence in the case at bar is substantially to the effect that plaintiff noticed the steam escaping for some time before the day on which her property was damaged and that she notified defendant on several occasions, and, although employees of defendant attempted to remedy the condition on one occasion, steam continued to escape.   It cannot be urged in the light of the New York cases that the provisions of the lease in question relieve defendant from the obligation to inspect the steam system over which plaintiff had no control other than to shut off or diminish the amount of steam supplied in the radiators in her own apartment, or that plaintiff was under a duty — steam plant being under the defendant's control — to make necessary repairs.

In the case of *Drescher Rothberg Co.* v. *Landeker* (*supra*) the learned trial justice says: " The tenant cannot repair the parts of the building in the landlord's control, and it was obviously the intent of the parties that the landlord should continue to make these repairs.   If he is negligent in making them when called to his attention, the lease should not be interpreted as exempting him from liability."

Likewise, in the instant case, the apparent neglect on the part of defendant to properly repair the defective condition of the radiator after due notice by the plaintiff constituted negligence for which the defendant is liable.   The amount of the damage sustained by the defendant was not contested on the trial.   No proof was offered by the defendant to offset the evidence propounded by the plaintiff.

The verdict of the court is in favor of the plaintiff in the amount of $5,995.