(169 App. Div. 549)

EISEN et al. v. BAUDOUINE et al.   (No. 7860.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. LANDLORD AND TENANT ⬅⬅152—REPAIRS—LIABILITY FOR FAILURE TO REPAIR.

Where a lease provided that the lessors should not be liable for damages caused by a leakage of the roof of the building, unless they should fail to repair the roof within a reasonable time after written notice, the lessors were not liable for damages by such leakage, in the absence of service of written notice, although they had actual knowledge that the roof was defective.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. ⬅⬅152.]

---

2. **LANDLORD AND TENANT** ☞152—DUTY TO REPAIR—NOTICE OF DEFECT.

Where a lease provided that the lessors should not be liable for damages caused by leaking roofs, in the absence of written notice thereof, notice of a leak in March does not impute knowledge of a leaky condition in July, in the absence of proof that the roof had been neglected meanwhile.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. ☞152.]

3. **LANDLORD AND TENANT** ☞152—DUTY TO REPAIR—NOTICE—WAIVER.

Where a lease provided that the lessors should not be liable for damages caused by leaking roofs, in the absence of written notice thereof, that the lessors had responded to complaints by other tenants did not constitute a waiver of notice.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. ☞152.]

Appeal from Appellate Term, First Department.

Action by Louis Eisen and another, copartners doing business under the firm name of Eisen & Son, against Charles A. Baudouine and another, as trustees of the estate of Charles A. Baudouine, deceased. From a judgment of the Appellate Term, affirming a judgment for plaintiffs, defendants appeal. Reversed, and complaint dismissed.

See, also, 153 N. Y. Supp. 1113.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John A. Garver, of New York City (Chauncey B. Garver, of New York City, of counsel), for appellants.

I. Gainsburg, of New York City, for respondents.

SCOTT, J. [1] Plaintiffs were tenants of the next to the top loft of a building owned by defendants. One Wolfson occupied the top floor. The action is for damages caused to plaintiffs' stock in consequence of a leaky roof. The lease to plaintiffs contained the following clause:

"Fifth. That they will not hold the lessors liable for any damages to property caused by a leakage of or defects in the roof, or such other part of the interior or exterior of said building as may remain under the control of the lessors, nor for any damages resulting from the acts or omissions of other occupants of the building, or other cause. Whenever there shall be a leakage of the roof, the lessee shall notify the lessors in writing, and the lessors shall not be liable for any damages unless they shall fail to repair the roof within a reasonable time after such written notice is delivered to them."

The leakage occurred July 5, 1913. No written or other notice was shown to have been given by plaintiffs to defendants. The court allowed proof that on various dates between August, 1912, and March, 1913, Wolfson, the tenant of the upper floor, had given verbal notice that the roof leaked, and it was shown that in each case defendants' agent sent roofers to repair the damage. No complaint was made for the four months from March to July, nor did it appear that any leak developed during that time. The court admitted these verbal notices as evidence that the defendant knew or should have known that the .

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

roof was in a leaky condition, and held that the requirement for written notice had no effect when the landlord had notice.

The case, I think, is settled by our decision in Pratt, Hurst & Co., Ltd., v. Tailer, 135 App. Div. 1, 119 N. Y. Supp. 803. In that case there was a similar clause in the lease, but on a former appeal the Court of Appeals had held that the clause would not protect the landlord if the leak had been caused by his act in permitting a third party to use the roof for purposes to which it was not adapted, thus rendering it leaky and unsafe to the knowledge of the landlord. 186 N. Y. 417, 79 N. E. 328. On the trial leading to the appeal to this court it appeared that the decision of the Court of Appeals had been pushed too far. In the course of the opinion McLaughlin, J., said:

> "In this connection, it seems to me the court erred in charging the jury that the plaintiff was entitled to recover if they found that this roof was in bad condition and that fact was known to these defendants, or by the exercise of ordinary care could have been readily ascertained. As a general proposition this would be correct, but when applied to the clause of the lease requiring notice * * * it is not correct."

[2] Nor do I think that notice of a leak in March imputes knowledge of a leaky condition in July, unless it had been made to appear (as it was not) that the roof had been neglected meanwhile.

[3] The complaint alleged a waiver of notice, based apparently upon the proposition that defendants had responded to oral complaints by another tenant. This constituted no waiver, so far as plaintiff was concerned.

The determination appealed from, and the judgment of the City Court, must be reversed, and the complaint dismissed, with costs and disbursements to the appellants in this court and the courts below. Order filed. All concur.

<hr>