KATHERINE SMITH GARRITY, Appellant, v. IRVING PROPPER, Respondent.

First Department, June 6, 1924.

Landlord and tenant — action by tenant for damages caused by leaky roof — action based on duty of landlord to use reasonable care to keep part of premises under his control in proper condition — landlord knew of condition of roof — clause exempting landlord from liability for damage by water did not relieve him from liability for negligence — damages — loss of profits — plaintiff failed to show any profits at any time — complaint should not have been dismissed as there was evidence of expense incurred by plaintiff in making repairs.

In an action by a tenant who occupied the top floor of a building as a dancing academy to recover damages caused by a leaky roof, which action is based on the duty imposed upon a landlord to use reasonable care in keeping in suitable condition such portions of the premises as are subject to his control, a clause in the lease providing that the landlord shall not be liable for any damage or injury by water does not exempt him from liability for negligence in failing to repair the roof after he was informed of its condition.

The plaintiff is not entitled to recover on the basis of a loss of profits, since while she showed a shrinkage of gross receipts it was also shown that she had not made any profits at any time during the tenancy.

It was error to dismiss the complaint, however, in view of the fact that the plaintiff did prove that she had paid out money to make repairs which the jury might have found were made necessary by the water which leaked through the roof.

APPEAL by the plaintiff, Katherine Smith Garrity, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of June, 1923, upon the dismissal of the complaint at the close of the plaintiff's case, and also from an order entered in said clerk's office on the same day directing the dismissal of the complaint.

*Alfred Ekelman* [*Walter P. Vining* of counsel], for the appellant.

*S. G. Nissenson*, for the respondent.

FINCH, J.:

Plaintiff is the lessee of the upper floor of premises owned by the defendant. She sues to recover damages alleged to have been sustained because of defendant's negligence in failing to repair the roof of the building, by reason whereof the floor occupied by plaintiff and used by her as a dancing academy, became partly flooded whenever it rained, or thawed after a snowfall.

There was no covenant in the lease on the part of the landlord to make repairs. In the absence of such a covenant the landlord is not contractually liable. (*Doupe* v. *Genin,* 45 N. Y. 119.) This action, however, is not predicated upon a contractual duty owing by the landlord, but by reason of the duty imposed upon a landlord to use reasonable care in keeping in suitable condition such portions of the premises as are subject to his control. (*Dollard* v. *Roberts,* 130 N. Y. 269; *Hirsch* v. *Radt,* 228 id. 100, 105.)

The respondent claims to be exempt from liability under a clause of the lease which reads as follows: " It is expressly agreed and understood by and between the parties to this agreement that the landlord shall not be liable for any damage or injury by water, which may be sustained by the said tenant or other person; or for any other damage or injury resulting from the carelessness, negligence, or improper conduct on the part of any other tenant or agents, or employees, or by reason of the breakage, leakage, or obstruction of the City water or soil pipes, or other leakage in or about said building.".

It is clear, however, that said clause does not even attempt to absolve the landlord from his own negligence. In *Drescher Rothberg Co.* v. *Landeker* (140 N. Y. Supp. 1025) Mr. Justice LEHMAN said of a similar clause: " It seems to me that this clause, interpreted ' to get at the real intent of the parties,' means simply that the landlord is not to be liable for damages caused by wear and tear, or inherent defects, or the action of the elements, although by the exercise of active vigilance he might have prevented such damages; but it does not exempt him from his liability to repair actual defects, when called to his attention, or from acts of affirmative negligence."

In the case at bar the defective condition of the roof and resulting leakage were specifically called to the attention of the landlord and he promised to repair.

The real question in the case centers upon proof of damage. The plaintiff's main endeavor was to recover loss of profits. While she showed a shrinkage of gross receipts after the first month, yet in no month, not even the first, was there anything but a substantial deficit. The plaintiff, therefore, failed utterly to show

that she could have made a profit out of this dancing academy even if there had been no leakage. The contrary seemed to be the case, and is borne out by the fact that during the next season, after the roof had been repaired, she abandoned the business entirely and made more by renting out the hall to others. Thus not only were there no profits shown, but there was no standard of comparison to afford a basis upon which loss of profits could be computed. As was said in *Benyakar* v. *Scherz* (103 App. Div. 192), which was a case where the plaintiff attempted to recover loss of profits but no business had been done prior to the breach of the agreement by the defendant: " But the difficulty is that the evidence also tended to establish an element of damage which the plaintiff claimed as resulting from his loss of business. If he were entitled to recover that claimed element of damage, he was required to state facts upon which an opinion could be based."

The same objections apply also to alleged damages due to loss of rental from the soda fountain concession. In addition, there was here even no attempt to prove that the giving up of this concession was in anywise connected with the leakage in the other part of the building, the testimony being simply that the sublessee gave up the lease.

The plaintiff, however, did prove that she paid forty-eight dollars for electric wiring and repairs, and while there is no direct testimony that the defective condition of the wiring was not caused by conditions preceding the plaintiff's entry into the premises, yet there is sufficient for a jury to draw an inference that said repairs may have been rendered necessary by the leakage during plaintiff's tenancy. The plaintiff's witness, Ruckert, who made the repairs, testified that he found water and ice in the cup or canopy of the electric light fixture, that the wires were wet and corroded and that the repairs were required on account of the water, although when the condition originated is not stated. Since this item of damage should have been submitted to the jury, it was error to dismiss the complaint.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.