[No. 19315. Department Two. January 5, 1926.]

KATHLYN TOBIN, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] PLEADING (195)—WAIVER OF OBJECTIONS TO COMPLAINT. Prejudicial error cannot be assigned on denying motions to strike and to make a complaint more definite and certain, made after two months delay, with three months delay in bringing the motions to a hearing, without any reason for the delay, where, by proper instructions, the trial was confined to the proper issues, without prejudice to appellant.

[2] CARRIERS (107)—INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Contributory negligence, as a matter of law cannot be found from the fact that plaintiff undertook to board a street car at a place known by her to be dangerous, where there was no other convenient place and apparently no other reasonable way of taking it.

[3] TRIAL (101)—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse requested instructions that are covered in the instructions given, or not necessary to a determination of the issue.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered January 6, 1925, in a suit for personal injuries. Affirmed.

[1] Reported in 242 Pac. 2.

*Thomas J. L. Kennedy* and *Ray Dumett* (*Edwin C. Ewing,* of counsel), for appellant.

*J. L. Corrigan* and *Richard E. Morris,* for respondent.

TOLMAN, C. J.—This case has once before been in this court (*Tobin v. Seattle,* 127 Wash. 664, 221 Pac. 583) and the opinion there delivered should be read in connection with what is here said. A second trial below resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has appealed.

When the case was returned to the trial court, the plaintiff did not renew her motion to amend her complaint but immediately noted the case for trial, thereby electing to stand upon the pleadings as they then were. More than two months after the case was thus noted for trial, the defendant, without leave of court and without asking for permission to withdraw its answer, filed its motions to strike from the complaint certain allegations which this court had held not sufficient to state actionable negligence, and to make more definite and certain other allegations of the complaint which the previous opinion intimates might be susceptible to such an attack. These motions were denied and that ruling is assigned as error.

[1] The general rules of the superior court, of course, require such motions to be presented in a timely manner preceding a demurrer or answer, and since this court did not send the case back with directions to recast the pleadings and the case was already at issue, we cannot say that the delay of two months in making the motions and nearly three months thereafter in bringing the motions on for hearing, without any good reason for the delay being shown, evidences such diligence as entitles the mover to special consideration. At any rate, by proper instructions the trial court could

and did confine the jury to a consideration of what was properly in issue, and there was no resultant prejudice to the appellant.

Appellant seems to contend that the undisputed evidence conclusively establishes, as a matter of law, that no act or omission on the part of the city was the proximate cause of respondent's injuries, and that, in any event, respondent was guilty of contributory negligence precluding recovery on her part; and with this as a text, the briefs and arguments take a wide range, and the fact that our prior decision is the law of the case seems to have been largely lost sight of.

A painstaking study of the record convinces us that there was ample evidence to take the case to the jury upon every issue presented by the complaint, as construed by this court in its prior opinion, even upon those issues said to be somewhat indefinitely pleaded.

[2] As to the question of contributory negligence, if we understand appellant's position, it is that, because respondent knew, and admitted that she knew, that the place was a dangerous one in which to take a street car, therefore the court should have found, as a matter of law, that she was guilty of contributory negligence. We cannot so hold. It appears that there was no other reasonably convenient place to take a street car and apparently no other reasonable way of taking it than the one pursued. Whether a reasonably prudent person would have attempted to board a street car under the conditions shown, was properly submitted to the jury under correct instructions.

We have considered the instructions given, in the light of our prior opinion, and find (barring a slight technical inaccuracy in one, which we think could not have been prejudicial) that they properly give to the jury the law applicable.

**[3]**  The refusal of requested instructions upon which error is assigned was not erroneous.  Several of these requested instructions were, in their main features, properly covered by the instructions given.  Some it would seem were in conflict with our previous opinion and were presented perhaps with a view of giving this court an opportunity to reverse itself, but none were necessary to a proper determination of the issue.

Being satisfied with the law, as heretofore announced, and finding no reversible error in the record before us, the judgment appealed from is affirmed.

PARKER, MAIN, MITCHELL, and MACKINTOSH, JJ., concur.