THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON. ENGLAND. Respondent, *v.* MARY (Also Known as MARIE) WAGNER, Appellant.

First Department, March 18, 1927.

Landlord and tenant — action for death of person who fell down elevator shaft — plaintiff is suing by right of subrogation — issues were whether automatic gate failed to work or whether it had been tied open by third person — error to refuse to charge at request of defendant that defendant would not be liable if gate was tied open by third person — court should have charged that plaintiff was required not only to show defect but knowledge thereof by defendant — error to charge at request of plaintiff that testimony by inspector that gate operated properly in February was not proof that it was self-closing on March fifth following — said testimony was some proof though not conclusive that gate was in proper condition.

This action is brought by the plaintiff to recover for the death of a person who fell down an elevator shaft in defendant's building. The plaintiff is subrogated under the Workmen's Compensation Law to the cause of action in favor of the widow of said person. The principal issues were whether or not an automatic gate failed to work or whether it had been tied open by some third person. It was error for the court to refuse to charge that if the gate had been tied open by a third person the defendant would not be liable.

The court should have charged also that the plaintiff was required not only to show a defect in the gate on the issue of whether or not it worked properly, but also that the defendant had knowledge that the gate was defective or that the defendant should have known of the defect through the exercise of due care.

It was error for the court to charge at the request of the plaintiff that testimony by a city inspector, to the effect that the gate operated properly in February when an inspection was made, was not proof that it was in proper condition on March fifth following. The testimony furnished some proof that the gate was in proper condition on the date of the accident, but it did not establish conclusively that it was in proper condition.

APPEAL by the defendant, Mary Wagner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of April, 1926, upon the verdict of a jury for $7,500.

*Edward P. Lyon* of counsel [*Harold S. Lyon* with him on the brief; *Alfred W. Andrews*, attorney], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the respondent

FINCH, J. The plaintiff, an insurance carrier, sues by reason of being subrogated under the Workmen's Compensation Law to a cause of action in favor of a widow for the alleged wrongful death of her husband, caused by falling down an elevator shaft in a building owned by the defendant. The widow, as sole beneficiary surviving, elected to take under the Workmen's Compensation Law and received a due award.

Upon a former appeal from a judgment in favor of the defendant, this court reversed and ordered a new trial because the learned trial court had sent to the jury only an issue of negligence predicated upon a lack of proper lighting in the hallway and failed to submit the issue of fact as to whether there was negligence in not keeping in proper repair automatic steel gates for the hoistway shaft (215 App. Div. 566).

Upon this trial the jury found in favor of the plaintiff. The appellant does not urge that the verdict is against the weight of the evidence, but relies upon certain alleged errors arising as follows: The decedent was found at the bottom of the shaft by a tenant, who testified that the collapsible gate which guarded the shaftway on the second floor was open. If this gate had been in proper working order, it would automatically have closed this opening. The work of the decedent called him to the second floor. The defendant contended that this collapsible gate was tied open by a tenant who had been using the hoistway for the delivery of a large amount of goods. One of the chief issues, therefore, litigated at the trial was whether the collapsible gate had been tied open by one of the tenants unbeknown to the landlord, or whether this gate failed to close because it was out of repair. The learned trial court charged generally that the defendant was liable

if she failed in her duty to provide and maintain proper lighting and gates. In order to bring clearly before the jury that if the defendant had provided and maintained proper facilities she was not liable for the acts of third persons, counsel for the defendant asked the learned court to charge: " If defendant supplied proper and adequate facilities for lighting the hallways and proper guards for the hoistway shaft in her property, she is not liable in this action, though a tenant or some third party interfered with the lights or with the gates which guarded the hoistway shaft." To this request the court replied: " I refuse to charge in that language, and say that I have covered it in my general charge," to which refusal the defendant duly excepted. Again the defendant asked the court to charge: " If the death of Joseph Buadas was due to some interference with the collapsible gate by a tenant of the building or by some unknown person, the defendant is not liable." To a refusal to so charge the defendant duly excepted. To avoid an impression that the defendant was liable, irrespective of the acts of third parties, these requests of the defendant were pertinent and important to the issue then being tried and the defendant was entitled to have them charged.

Furthermore, in the charge to the jury nothing was said as to the necessity for either actual or constructive notice to the defendant of the gate in question being out of repair, if such was the fact. The jury should have been instructed that in order to hold the defendant liable for a defect in the gates, it was not only necessary for the plaintiff to prove that the collapsible gate was out of repair but that the defendant had notice of this defect or should have known of it in the exercise of due care in the maintenance of the hoistway. In *Altz* v. *Leiberson* (233 N. Y. 16, 18), Judge CARDOZO, writing for the court, said: " No doubt, before a right of action will accrue in favor of the tenant, there must be notice, actual or constructive, of the defect to be repaired."

There was also error in charging the request of the plaintiff: " Then I ask your Honor to charge the jury that the testimony which was admitted of the City Inspector as to the gates operating properly in February, 1920, is not proof that they were self-closing on March 5, 1920." The testimony of the city inspector that the gates were operating properly shortly prior to the day of the accident, while obviously not conclusive, nevertheless is some proof as bearing on the condition on March fifth. The charge as given was no doubt intended to be an instruction that the testimony in question was not conclusive proof, but it undoubtedly was understood by the jury as meaning that they should disregard entirely the said testimony.

First Department, March, 1927. [Vol. 220

For these reasons the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.