LOWY & FEFFER, INC., Respondent, *v.* MOR-RO REALTY CORPORATION, Appellant.

First Department, May 25, 1928.

**Landlord and tenant — liability of landlord for damages caused by leaking water tank — lease contained clause purporting to release landlord from liability — said clause exempts landlord from mere failure to discover and remedy defects not arising out of his own negligent acts — evidence raises question of fact whether or not affirmative acts by landlord caused damage — error to permit jury to find verdict against defendant for mere failure to discover and remedy defects — jury should have been instructed that before defendant could be held liable, it must be shown that it had actual or constructive knowledge of defect.**

The plaintiff, a tenant, seeks to recover damages from its landlord caused by water leaking from a tank located upon the roof of a building. The lease contained a clause purporting to relieve the defendant landlord from liability for leakage. This clause has been construed by the courts to mean that the landlord is exempt from liability based on the mere failure to discover and remedy defects not arising out of his own negligent acts.

The evidence, however, was sufficient to raise an issue of fact as to whether there were not affirmative acts on the part of the landlord improperly performed, in keeping the pumps working at night and in original faulty construction of the apparatus in the tank. But it was error for the court to permit the jury to find a verdict against the defendant based on its mere failure to discover and remedy defects for which it was not liable under the lease.

The court should have instructed the jury that before the plaintiff could recover, it must find that the defendant had either actual or constructive notice of the defect which caused the damage, for, the action being in negligence, such notice is a necessary element.

APPEAL by the defendant from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of January, 1928, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

*William Kaufman,* for the appellant.

*Bernard Gordon,* for the respondent.

FINCH, J.    The question presented by this appeal is the liability of a landlord to a tenant of an upper floor for damages sustained from a leaking tank located upon the roof of the building, under a lease containing the following provision:

" *Thirteenth.* The Landlord shall not be liable for any failure of water supply or electrical current, nor for injury or damage to person or property caused by other tenants or persons in said building, or resulting from steam, gas, electricity, water, rain or snow, which may leak or flow from any part of said building, or from the pipes, appliances or plumbing works of the same, or from the street or sub-surface, or from any other place, nor for interference with light or other incorporeal hereditaments by anybody other than the Landlord, or caused by operations by or for the City in construction of any public or quasi-public work; neither shall the Landlord be liable for any latent defect in the building or any appurtenance thereof."

The courts have construed this provision to mean that the landlord is thereby exempted from the mere failure to discover and remedy defects not arising out of the landlord's own negligent acts. (*Kessler* v. *The Ansonia,* 222 App. Div. 148.)

In the case at bar, however, there is evidence which raises an issue of whether there were not affirmative acts improperly performed, namely, keeping the pumps working at night and in original faulty construction of the apparatus in the tank. This issue, however, was not submitted to the jury. Instead, the trial court charged the jury that " if the defendant failed to keep the tank machinery and pipes in a reasonable state of repair, then, gentlemen, your verdict must be for the plaintiff." To this charge the defendant excepted, and requested the court to charge the jury that " before the plaintiff may recover, the jury must find that the active negligence or affirmative wrong of the defendant has created the alleged defect which caused the damage." The court refused so to charge. The jury were thus permitted to find a verdict against the defendant for the mere failure to discover and remedy defects for which, as shown above, the defendant is not liable under the lease in question. In *Garrity* v. *Propper* (209 App. Div. 508) it was pointed out that the defective condition of the roof and resulting leakage were specifically called to the attention of the landlord and he promised to repair.

In addition, the trial court refused the defendant's request to charge the jury that before the plaintiff may recover the jury must find that the defendant had either actual or constructive notice of the defect which caused the alleged damage. The action being in negligence, notice to the defendant, whether actual or

constructive, is a necessary element to liability on the part of the defendant. (*Hirsch* v. *Radt*, 228 N. Y. 100; *Cohen* v. *Cotheal*, 156 App. Div. 784; affd., 215 N. Y. 659; *Employers' Liability Assur. Corp.* v. *Wagner*, 220 App. Div. 123; *Kramer* v. *Stone*, 176 id. 549.) In *Kramer* v. *Stone* (*supra*) the action, as in the case at bar, was by a tenant against a landlord to recover damages caused by an overflow of water. The court said: " The rule in such a case is very well established. It is not, as some parts of the court's charge may have led the jury to believe, that it is the absolute duty of the landlord to keep in repair those portions of the building over which he reserves domination and control. Such duty arises only after the landlord has had notice, actual or constructive, of the existence of a defect and has had sufficient opportunity to make repairs."

Even, therefore, if it be assumed that the defendant were not exempted by the aforesaid provision of the lease from liability for failure to use ordinary diligence to prevent leakage, nevertheless the defendant was entitled to have the court charge the jury as requested. The judgment, therefore, cannot stand.

It follows that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial granted, with costs in all courts to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Determination of Appellate Term and judgment of the Municipal Court reversed and a new trial ordered, with costs in all courts to the appellant to abide the event.