HATTIE V. KESSLER, Respondent, v. THE ANSONIA, Appellant.

(Argued April 2, 1930; decided May 6, 1930.)

*Robert J. Sykes, Paul Bonynge* and *Daniel A. Dorsey* for appellant. There is no evidence tending to establish either negligence or breach of duty on the part of the defendant. (*Cohen* v. *Cotheal,* 156 App. Div. 784; 215 N. Y. 659; *Stackpole* v. *Wray,* 74 App. Div. 310; *Idel* v. *Mitchell,* 158 N. Y. 134.) In the absence of proof of affirmative negligence, the lease exempts the defendant from liability for the alleged damages. (*Lewis Co.* v. *Metropolitan Realty Co.,* 112 App. Div. 385; 189 N. Y. 534; *Pratt, Hurst & Co., Ltd.,* v. *Tailer,* 114 App. Div. 574; 186 N. Y. 417; *Lowy & Feffer, Inc.,* v. *Mor-ro Realty Corp.,* 223 App. Div. 621; *Rothberg Co.* v. *Landeker,* 140 N. Y. Supp. 1025; *Hirsch* v. *Radt,* 228 N. Y. 100; *Cohen* v. *Cotheal,* 156 App. Div. 784; *Employers' Liability Assur. Corp., Ltd.,* v. *Wagner,* 220 App. Div. 123; *Kramer* v. *Stone,* 176 App. Div. 549.)

*Emanuel Sustick* for respondent. The proof is adequate that the defendant was guilty of affirmative negligence and of a failure to remedy defects when called to its attention. (*Lipp* v. *Otis Bros. & Co.,* 28 App. Div. 228; 161 N. Y. 559; *Rothberg Co.* v. *Landeker,* 140 N. Y. Supp. 1025.)

*Per Curiam.* The plaintiff, under a written lease, occupied an apartment in a building owned by the defendant. In a living room of the apartment she had stored valuable furniture, paintings and rugs. The room was isolated from the remainder of the apartment by doors which were at all times closed. On a certain morning, a pipe, supplying steam to a radiator in the living room, burst, with the result that steam, escaping in great volume, did serious damage to the personal property stored. In the absence of any explanation, it was the reasonable inference, arising from the explosion, without further proof, that the steam pipe was defective, and, therefore, that the defendant was negligent. A repairman, sent to the apartment by the management, reported to the plain-

tiff that he could do nothing " as the pipes are old and rusty." Nothing was done, although the defendant had been given timely warning and knew of the defective piping. Therefore, the clause of the lease exempting the defendant from liability for damage caused by the leakage of steam did not apply. That clause means simply " that the landlord is not to be liable for damages caused by wear and tear, or inherent defects, or the action of the elements, although by the exercise of active vigilance he might have prevented such damages; but it does not exempt him from his liability to repair actual defects, when called to his attention, or from acts of affirmative negligence." (Per Mr. Justice LEHMAN in *Drescher Rothberg Co.* v. *Landeker*, 140 N. Y. Supp. 1025.)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.