SIMMONS, Respondent v. PAGONES, Appellant

(282 N. W. 257.)

(File No. 8170. Opinion filed November 12, 1938.)

*Geo. H. Fletcher,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, and *E. D. Barron,* of Sioux Falls, for Respondent.

WARREN, J. This action was commenced by plaintiff to recover damages to certain merchandise and fixtures allegedly sustained through the negligence of the defendant. The plaintiff had entered into a lease agreement with defendant whereby plaintiff was to have the use of the ground floor of a two-story building owned by defendant.

Some time after the lease was executed between the parties a

water meter was installed in the washroom adjoining one of the second floor offices. This meter was so constructed that it was susceptible to weather changes and in case of expansion to the freezing point, the bottom part of said meter would fall off. On the night of December 6th, 1936, the temperature out of doors dropped to some fifteen degrees below zero, and it is the claim of plaintiff that defendant negligently allowed the temperature in the washroom to drop so low that the bottom of the meter dropped off and allowed water to flow from the meter. This water coming from the meter on the second floor did considerable damage to plaintiff's merchandise and fixtures on the first floor. There is also evidence that a ventilator or skylight in the washroom had been left open.

Upon trial of the action, the jury returned a verdict for the plaintiff. A motion for new trial was thereafter made and the motion denied. The appeal to this court is from the judgment and order denying the motion for new trial.

 Appellant contends that he is not liable in damages because of the provision in the lease exempting him from liability. It reads: "It is further agreed that party of the first part shall not be liable to party of the second part for damages caused by bursting or leaking pipes on second floor of said building."

It is the contention of appellant that the trial court was in error when it presented to the jury the question of whether or not the water meter which was installed came within the above clause. Appellant argues that the water meter is the same as the water pipes. A decision on this question is not necessary to the disposition of this case. For the purposes of this opinion, we shall assume, without so deciding, that the water meter comes within the clause in the lease exempting the appellant from damages caused by leaking water pipes. However, after making this assumption, we are confronted with the question of whether the clause in the lease exempting the appellant from liability is broad enough to exempt him from liability for negligence in the installation and care of this meter. Such clauses and provisions in leases are to be construed so as not to include any damage not expressly waived. Le Vette v. Hardman Estate et al., 77 Wash. 320, 137 P. 454, L. R. A. 1917B, 222; Martindale Clothing Co. v. Spokane & Eastern Trust Co. et al., 79 Wash. 643, 140 P. 909; Oscar Ruff Drug

Co. v. Western Iowa Co., 191 Iowa 1035, 181 N. W. 408, 15 A. L. R. 962; Randolph v. Feist, 23 Misc. 650, 52 N. Y. S. 109. In following this rule of construction, the courts have generally held, in the absence of an express stipulation exempting the landlord from liability for negligence, that a provision in a lease exempting the landlord from liability does not apply where the damage sustained is the result of active negligence on the part of the landlord. Note and collection of cases in 84 A. L. R. 659.

This brings us to the vital question, is the evidence sufficient to support the verdict and judgment of the trial court that the appellant was negligent in the installation and care of the water meter. An examination of the record discloses that the appellant leased the ground floor to respondent and rented the second floor for offices. Appellant furnished the heat for the entire building and employed an engineer or janitor for this purpose. The evidence presented shows that a water meter was installed after the lease between appellant and respondent was executed; that the bottom of said water meter came loose and precipitated a large quantity of water upon the floor of the washroom which found its way down and upon respondent's merchandise; that respondent's merchandise was damaged by this water; and that when the broken meter was discovered the washroom was very cold and the ventilator or skylight open.

It must be conceded, as a general proposition of law, that where the landlord leases only a portion of the premises to a tenant and retains the remainder of the premises under his control, that he is bound to use reasonable and ordinary care in managing the part over which he retains control. We believe that such is the holding of creditable authority and this court has followed such holding for a considerable period of time. In John Moodie Dry Goods Co. v. Gilruth, 35 S. D. 567, 571, 153 N. W. 383, 384, this court, in considering the liability of the landlord for damages, where the plaintiff only occupied a certain portion of the building, said:

"If respondent had occupied said building under a lease of the whole building, or under a lease of that portion of the building whereon was situated the drainpipe, then we would have a different case. But, as we view the situation, the other portions of this building not covered by respondent's lease were as foreign to and

as disconnected with its lease as if they were on entirely separate and distinct premises. Respondent had no control of, and no business upon, the portion of said premises not leased by it. As to the portions of said building and premises not leased by respondent, it was in the same legal situation as any stranger or third party. We are of the opinion that the rule governing this case is found in section 1297, Civil Code [now section 801, Rev. Code 1919], which provides that:

" 'Every one is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care brought the injury upon himself.'

"This section of our Code embodies the old and familiar rule that every man must so use his property as not to unnecessarily or negligently injure the property of his neighbor. It was the duty of appellant to so use the portions of said premises not leased by respondent as not to negligently injure respondent's merchandise situated in the portions of said premises leased by respondent. The decisions in Patterson v. Brewing Co., 16 S. D. 33, 91 N. W. 336, and Waterhouse v. Brewing Co., 16 S. D. 592, 94 N. W. 587, are directly applicable to the circumstances of this case." Railton v. Taylor et al., 20 R. I. 279, 38 A. 980, 39 L. R. A. 246; Le Vette v. Hardman Estate et al., supra.

We feel that there is sufficient evidence from which the jury could find that the appellant failed in his duty to so use the portions of said premises not leased by respondent as not to negligently injure respondent's merchandise.

██ We take the position that the case was properly submitted to the jury; that the jury, from the evidence, could reasonably come to the conclusion that the appellant negligently failed to manage the portion of the premises not leased to respondent; and that respondent was damaged by the negligence of appellant.

The order and judgment appealed from is affirmed.

ROBERTS, P.J., and POLLEY and RUDOLPH, JJ., concur.

SMITH, J., disqualified and not sitting.