34 N.J. Super. 142 (1955)
111 A.2d 636
FREDDI-GAIL, INC., A CORPORATION, PLAINTIFF-APPELLANT,
v.
ROYAL HOLDING CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1955.
Decided February 16, 1955.
Before Judges CLAPP, JAYNE and FRANCIS.
*143 Mr. Samuel A. Gennet argued the cause for plaintiff-appellant.
Mr. E. Gustave Greenwald argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal turns on the effect to be given a clause in a lease purporting to relieve the landlord from liability for any damage by water leakage. Did the parties intend by this clause to free the landlord from liability for its own misfeasance resulting in such leakage?
The action is by the tenant's assignee against its landlord for damage to personalty, caused by leakage resulting allegedly from the landlord's negligence. On the basis of the clause stated, the landlord moved for summary judgment. The clause reads:
"It is expressly agreed and understood by and between the parties to this agreement, that the Landlord shall not be liable for any damage or injury by water, which may be sustained by the said Tenant or other person or for any other damage or injury resulting from the carelessness, negligence, or improper conduct on the part of any other Tenant or Agents, or Employees, or by reason [of] the breakage, leakage, or obstruction of the water or soil pipes, or other leakage in or about the said building."
Summary judgment was granted. Plaintiff appeals.
Plaintiff argues that the water leakage here was due to faulty repairs made by the landlord  that is, due to affirmative acts of negligence. Kelley v. Curtiss, 29 N.J. Super. 291, 297 (App. Div. 1954), reversed on other grounds 16 N.J. 265 (1954); cf. Prosser, Torts (1941), 191, n. 17.
According to the weight of authority at the common law, an exculpatory clause exempting a landlord from liability for damage by water or some other cause, without clearly adverting to the matter of negligence on the landlord's part, does not absolve him from his own negligence, at least from negligence of an affirmative sort. It is said that the minds of both parties probably never intended such absolution. The strict construction thus given to the clause is in part to be *144 laid to the disfavor with which these authorities look upon any possible attempt by a landlord to secure exoneration from his own wrongdoing. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362 (Sup. Ct. 1926); Butt v. Bertola, 110 Cal. App.2d 128, 242 P.2d 32, 39 (Ct. App. 1952); Cerny Pickas & Co. v. C.R. Jahn Co., 347 Ill. App. 379, 106 N.E.2d 828 (App. Ct. 1952); Oscar Ruff Drug Co. v. Western Iowa Co., 191 Iowa 1035, 181 N.W. 408, 15 A.L.R. 962 (Sup. Ct. 1921); Nashua Gummed & Coated Paper Co. v. Noyes Buick Co., 93 N.H. 348, 41 A.2d 920 (Sup. Ct. 1945); Kessler v. The Ansonia, 253 N.Y. 453, 171 N.E. 704 (Ct. App. 1930); Eugene C. Lewis Co. v. Metropolitan Realty Co., 112 App. Div. 385, 98 N.Y.S. 391 (1906), affirmed 189 N.Y. 534, 82 N.E. 1126 (Ct. App. 1907); Simmons v. Pagones, 66 S.D. 296, 282 N.W. 257 (Sup. Ct. 1938); Le Vette v. Hardman Estate, 77 Wash. 320, 137 P. 454, L.R.A. 1917B, 222 (Sup. Ct. 1914); cf. Kirshenbaum v. General Outdoor Advertising Co., 258 N.Y. 489, 180 N.E. 245, 246, 250, 84 A.L.R. 645 (Ct. App. 1932); Railton v. Taylor, 20 R.I. 279, 38 A. 980, 39 L.R.A. 246 (Sup. Ct. 1897); Johnson v. Prange-Geussenhainer Co., 240 Wis. 363, 2 N.W.2d 723, 729 (Sup. Ct. 1942); 6 Williston, Contracts (rev. ed.), § 1751C; 15 Ga. Bar J. 389, 391 (1953); 42 Yale L.J. 139, 140 (1932); 175 A.L.R. 8, 89; Prosser, Torts (1941), 382. But see Cannon v. Bresch, 307 Pa. 31, 160 A. 595 (Sup. Ct. 1932); 15 U. Pitt. L. Rev. 493, 501 (1954); cf. the general language in R.H. Macy & Co. v. City of Fall River, 323 Mass. 624, 83 N.E.2d 880 (Sup. Jud. Ct. 1949), and cases cited.
We shall adopt the majority view. In the exculpatory clause here, there is nothing which could be said in any way to advert to the landlord's negligence, except the words "Agents, or Employees." And in our opinion it is not clear whether these words refer to the landlord's or to other tenants' agents and employees. Since the clause does not in plain terms exonerate the landlord from its own acts of negligence, it does not bar plaintiff's claim here. Summary judgment should have been denied.
*145 We need not consider whether the clause also exempts the landlord from a nonfeasance. Buchanan & Smock Lumber Co. v. East Jersey Coast Water Co., 71 N.J.L. 350 (Sup. Ct. 1904), apparently a case of nonfeasance; Kessler v. The Ansonia, 253 N.Y. 453, 171 N.E. 704 (Ct. App. 1930), supra; Pratt, Hurst & Co. v. Tailer, 186 N.Y. 417, 79 N.E. 328 (Ct. App. 1906); Garrity v. Propper, 209 App. Div. 508, 205 N.Y.S. 192 (1924); Lowy & Feffer v. Mor-ro Realty Corp., 223 App. Div. 621, 229 N.Y.S. 169 (1928); cf. Johnson v. Prange-Geussenhainer Co., 240 Wis. 363, 2 N.W.2d 723 (Sup. Ct. 1942), supra. No attempt is made to rest this case either upon the landlord's failure to perform a covenant to make repairs or upon any other nonfeasance.
Nor need we consider other matters, including the question raised by the plaintiff, whether the exculpatory clause in this lease  the lease was not made for residential purposes  violates public policy and is therefore void. Kuzmiak v. Brookchester, Inc., 33 N.J. Super. 575 (App. Div. 1955); Wade v. Park View Corp., 25 N.J. Super. 433 (Cty. Ct. 1953), affirmed Wade v. Six Park View Corp., 27 N.J. Super. 469 (App. Div. 1953); Tischler, 9 Rutgers L. Rev. 244 (1954).
Reversed.